1  NICHOLS KASTER & ANDERSON LLP
   Bryan J. Schwartz, CA State Bar No. 209903
2  Schwartz@nka.com
   Matthew C. Helland, CA State Bar No. 250451
3  Helland@nka.com
   One Embarcadero Center, Suite 720
4  San Francisco, CA  94111
5  Telephone: (415) 277-7235
   Facsimile: (415) 277-7238        BY FAX
6
7  Attorneys for Individual and Representative Plaintiffs
8
9          IN THE UNITED STATES DISTRICT COURT
10  CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| 11  Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. EDCV07-00729 VAP (OPx) |
| | **CLASS ACTION** |
| | **SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| 15              Plaintiffs, | **(1)    Violation of California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s)** |
| 16  v. | |
| 17  Celestica Corporation, Adecco USA, Inc., and DOES 1-10 inclusive, | **(2)    Waiting Time Penalties (California Labor Code Sections 201-203)** |
| | **(3)    Failure to Provide Itemized Wage Statements (California Labor Code Section 226)** |
| 20              Defendants. | **(4)    Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code Section 226.7)** |
| | **(5)    Violation of California Business and Professions Code Sections 17200 *et seq.*** |
| | **DEMAND FOR JURY TRIAL** |
| | Honorable Virginia Phillips Riverside Division, Courtroom: 2 Complaint Filed: June 15, 2007  BY FAX |

**SECOND AMENDED CLASS ACTION COMPLAINT**

1

2    NICHOLS KASTER & ANDERSON PLLP
     James H. Kaster CA State Bar No. 248949
3    Kaster@nka.com
4    4600 IDS Center
     80 South 8th Street
5    Minneapolis, MN  55402
6    Telephone: (612) 256-3200
     Facsimile: (612) 338-4878
7

8    Attorneys for Individual and Representative Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**SECOND AMENDED CLASS ACTION COMPLAINT**

## PRELIMINARY STATEMENT

1.    This is a class action brought by Individual and Representative Plaintiffs Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores, on their own behalf and on behalf of the proposed class identified below. Plaintiffs and putative class members were or are employed by Defendants Celestica Corporation ("Celestica") and Adecco USA, Inc. ("Adecco") as non-exempt employees and were denied overtime compensation and rest and meal periods as required by state wage and hour laws.  These employees are similarly situated under the Federal Rules of Civil Procedure 23.

2.    The Class is made up of all persons who are or have been employed by Defendants as non-exempt employees at Celestica's facilities in Fontana, California and Ontario, California (jointly referred to herein as the "Fontana facility"), for the period four years prior to the filing date of this Complaint ("the Class Period").

3.    During the Class Period, Defendants failed to pay overtime compensation to each member of the Class as required by state law.  Plaintiffs seek relief for the Class pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"), to remedy the Defendants' failure to pay all wages due, pay appropriate overtime compensation, to provide meal and rest periods, to pay waiting penalties, and maintain accurate time records, in addition to injunctive relief.

## THE PARTIES

4.    Individual and representative Plaintiff Jose Cervantez resides in Murrieta, California (Riverside County).  He was employed by Defendants acting jointly from approximately September 2005 through January 2006 and approximately February 2006 through June 2006 as a non-exempt employee in Celestica's Fontana facility.

5.    Individual and representative Plaintiff Rusty Reyes resides in Ontario, California (San Bernardino County).  He was employed by Defendants acting

SECOND AMENDED CLASS ACTION COMPLAINT

1  jointly from approximately May 2006 through approximately June 2007 as a non-
2  exempt employee in Celestica's Fontana facility.

3      6.      Individual and representative Plaintiff George Santos resides in
4  Fontana, California (San Bernardino County).  He was employed by Defendants
5  acting jointly from approximately October 2006 through approximately February
6  2007 as a non-exempt employee in Celestica's Fontana facility.

7      7.      Individual and representative Plaintiff Maria Nguyen resides in Colton,
8  California (San Bernardino County).  She was employed by Defendants acting
9  jointly from approximately August 2006 through approximately January 2007 as a
10  non-exempt employee in Celestica's Fontana facility.

11      8.      Individual and representative Plaintiff Marina Flores resides in San
12  Bernardino, California (San Bernardino County).  She was employed by
13  Defendants acting jointly from approximately September 2005 through
14  approximately April 2006, and again in approximately November 2007, as a non-
15  exempt employee in Celestica's Fontana facility.

16      9.      Upon information and belief, Defendant Celestica Corporation is a
17  Canadian Corporation, incorporated domestically under the laws of Delaware.
18  Celestica operates at least three manufacturing and production facilities within the
19  state of California, including the "Fontana Facility," which has buildings in
20  Fontana, California and Ontario, California.

21      10.     Upon information and belief, Defendant Adecco USA, Inc. is a
22  corporation organized under the laws of Delaware, with its corporate headquarters
23  in the state of New York.  Adecco is a temporary staffing agency that provides
24  employees for Celestica at Celestica's Fontana facility.

25      11.     Defendants Does 1-10, inclusive, are sued herein under fictitious
26  names.  Their true names and capacities are unknown to Plaintiffs.  When their true
27  names and capacities are ascertained, Plaintiffs will amend this complaint by
28  inserting their true names and capacities herein.  Plaintiffs are informed and believe

**SECOND AMENDED CLASS ACTION COMPLAINT**

1   and thereon allege that each of the fictitiously-named defendants is responsible in

2   some manner for the occurrences herein alleged, and that the damages of Plaintiffs

3   and the putative class members herein alleged were proximately caused by such

4   Defendants.

5       12.    Plaintiffs are informed, believe, and thereon allege that each of the

6   Defendants herein was, at all times relevant to this action, the agent, employee,

7   representing partner, and/or joint venturer of the remaining Defendants and was

8   acting within the course and scope of the relationship.    Plaintiffs are further

9   informed, believe, and thereon allege that each of the Defendants herein gave

10  consent to, ratified and authorized the acts alleged herein to the remaining

11  Defendants.

12                      **JURISDICTION AND VENUE**

13      13.    This Court has original diversity jurisdiction pursuant to the Class

14  Action Fairness Act, 28 U.S.C. § 1332(d)(2). The representative Plaintiffs and each

15  member of the class are citizens of the state of California.  Celestica is a citizen of

16  Canada and the State of Delaware.  Adecco is a citizen of the States of Delaware

17  and New York. The amount in controversy in this action exceeds $5,000,000.

18      14.    Venue is proper in the United States District Court, Central District of

19  California pursuant to 28 U.S.C. § 1391, because Defendants operate a facility in

20  Fontana, California and because a substantial part of the events giving rise to the

21  claims occurred in San Bernardino County.

22                      **FACTUAL ALLEGATIONS**

23      15.    Plaintiffs and similarly-situated employees work at Celestica's Fontana

24  facility.   Upon information and belief, the Fontana facility is a shipping and

25  receiving hub for the electronic and computer products that Celestica manufactures

26  and repairs.

27      16.    Defendants require Plaintiffs and similarly situated individuals to pass

28  through security checkpoints at the beginning and end of their shift.  Plaintiffs and

**SECOND AMENDED CLASS ACTION COMPLAINT**

1   similarly situated individuals are not paid for the time they spend waiting in line to
2   pass through security.  The time spent waiting in line at the beginning and end of
3   each shift averages 30 to 60 minutes or more a day.

4       17.   Defendants   regularly   require   Plaintiffs   and   similarly-situated
5   individuals to work past the end of their eight hour shift.  Defendants fail to pay
6   Plaintiffs and similarly situated individuals for some or all of the hours they work
7   over eight hours each day.

8       18.   Defendants regularly fail to provide Plaintiffs and similarly situated
9   individuals who work at Celestica's Fontana facility with a thirty minute,
10  uninterrupted meal period each day.   When Plaintiffs and similarly situated
11  individuals work in excess of ten hours in a day, Defendants fail to provide them
12  with a second thirty minute, uninterrupted meal period.

13      19.   Defendants also regularly fail to provide Plaintiffs and similarly
14  situated individuals who work at Celestica's Fontana facility with two paid rest
15  breaks of ten minutes each day.

16      20.   Defendants do not pay Plaintiffs or similarly situated individuals an
17  additional hour of pay when Defendants deny Plaintiffs and similarly-situated
18  individuals their meal and/or rest periods.

19      21.   Defendants' unlawful conduct has been widespread, repeated and
20  consistent.

21      22.   Upon information and belief, Defendants knew that Plaintiffs and
22  similarly situated individuals performed work that required overtime pay and
23  missed meal and/or rest periods.  Defendants have operated under a scheme to
24  deprive these employees of overtime and meal/rest period compensation by failing
25  to properly compensate them for all hours worked.

26      23.   Defendants' conduct, as set forth in this Complaint, was willful and in
27  bad faith, and has caused significant damages to Plaintiffs and similarly-situated
28  individuals.

**SECOND AMENDED CLASS ACTION COMPLAINT**

## CLASS ALLEGATIONS

24.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined class:

**Proposed Class**:   All non-exempt employees of Defendants who were, are, or will be employed at Celestica's Fontana, California facility at any time within four years of the filing of this Complaint until the final disposition of this case.

25.     Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed thousands of people who satisfy the definition of the Proposed Class.

26.     Typicality:  The Plaintiffs' claims are typical of the members of the Proposed Class.  Like other non-exempt employees, Plaintiffs routinely worked more than eight hours per day and more than 40 hours per week during the Class Period.  Plaintiffs were subject to Defendants' policy and practice of failing to pay appropriate overtime compensation, failing to provide or authorize meal and rest breaks in compliance with California law, failing to maintain accurate time records of hours worked by the Proposed Class, and failing to compensate employees fully and timely at the conclusion of their employment.

27.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a large corporate defendant.

28.     Adequacy:  Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and Plaintiffs have retained counsel experienced in complex wage and hour class litigation.

**SECOND AMENDED CLASS ACTION COMPLAINT**

1      29.   Commonality:   Common questions of law and fact exist to all
2  members of the Proposed Class and predominate over any questions solely
3  affecting individual members of the Proposed Class, including but not limited to:

          4      A.   Whether Defendants unlawfully failed to pay appropriate
5                 overtime compensation to members of the Proposed Class in
6                 violation of the California Labor Code sections 510 and 1194 and
7                 applicable IWC Wage Order(s);

8          B.   Whether Defendants employed Plaintiffs and members of the
9                 Proposed Class within the meaning of the California law;

10         C.   Whether Plaintiffs and the Proposed Class members who are no
11                longer employed with Defendants are entitled to waiting time
12                penalties pursuant to California Labor Code section 203;

13         D.   Whether Defendants' policies and practices provide and/or
14                authorize meal and rest periods in compliance with California
15                Labor Code section 226.7;

16         E.   Whether Defendants provided adequate itemized wage statements
17                to Plaintiffs and the Class pursuant to Labor Code section 226;

18         F.   Whether Defendants' conduct violated the California Unfair
19                Practices Act set forth in the Business and Professions Code
20                sections 17200 *et seq.* by violating state law as set forth herein;

21         G.   The proper measure of damages sustained by the Proposed Class;
22                and

23         H.   Whether Defendants' actions were "willful."

24      30.   This case is maintainable as a class action under Fed. R. Civ. P.
25  23(b)(1) because prosecution of actions by or against individual members of the
26  class would result in inconsistent or varying adjudications and create the risk of
27  incompatible standards of conduct for Defendants.  Further, adjudication of each
28  individual member's claim as a separate action would be dispositive of the interest

**SECOND AMENDED CLASS ACTION COMPLAINT**

1    of other individuals not party to this action, impeding their ability to protect their

2    interests.

3        31.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3)

4    because questions of law and fact common to the Proposed Class predominate over

5    any questions affecting only individual members of the Proposed Class, and

6    because a class action is superior to other available methods for the fair and

7    efficient adjudication of this litigation. Defendants' common and uniform policies

8    and practices denied the Proposed Class the overtime pay to which they are entitled.

9    The damages suffered by the individual Proposed Class members are small

10    compared to the expense and burden of individual prosecution of this litigation. In

11    addition, class certification is superior because it will obviate the need for unduly

12    duplicative litigation that might result in inconsistent judgments about Defendants'

13    practices.

14        32.    Plaintiffs intend to send notice to all members of the Proposed Class to

15    the extent required by Rule 23. The names and addresses of the Proposed Class are

16    available from Defendant.

17                        **FIRST CLAIM FOR RELIEF**

18        **(Failure to Pay Overtime Compensation in Violation of California Law)**

19        33.    Plaintiffs allege and incorporate by reference the allegations in the

20    preceding paragraphs.

21        34.    At all relevant times herein, IWC Wage Order No. 1 (8 C.C.R. §

22    11010) and California Labor Code §510 required an employer, such as Defendants,

23    to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40

24    in a given workweek, or on the seventh day worked in a single workweek.

25    Pursuant to California Labor Code § 1198, it is unlawful to employ persons for

26    hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or

27    under conditions prohibited by the applicable wage orders of the IWC.

28

**SECOND AMENDED CLASS ACTION COMPLAINT**

35.     Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the overtime required in violation of IWC Wage Order 1 (8 C.C.R. § 11010), as amended during the Class Period, and the California Labor Code §§ 510 and 1198.  Pursuant to California Labor Code § 1194, Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation.

36.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

### (Waiting Time Penalties)

37.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

38.     During the relevant time period, many Class members were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however, willfully failed to pay such Class Members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.

39.     Under Labor Code sections 201, 202, and 203, those Class Members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

## THIRD CLAIM FOR RELIEF

### (Failure to Provide Accurate Itemized Wage Statements)

40.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

SECOND AMENDED CLASS ACTION COMPLAINT

41.    California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

42.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and the Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiffs and the Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiffs and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), Plaintiffs and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

## FOURTH CLAIM FOR RELIEF

### (Failure to Provide Rest Breaks and Meal Periods)

43.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

44.    California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

**SECOND AMENDED CLASS ACTION COMPLAINT**

45.   Section 11 of Wage Order No. 1 provides (and at all times relevant hereto provided) in relevant part that:

(A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

(B)   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

SECOND AMENDED CLASS ACTION COMPLAINT

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

46.    Section 12 of Wage Order No. 1 provides (and at all times relevant hereto provided) in relevant part that:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

47.    Section 13 of Wage Order No. 1 provides (and at all times relevant hereto provided) in relevant part that: "Suitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours."

48.    California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one

-13-

1   additional hour of pay at the employee's regular rate of compensation for each work
2   day that the employer does not provide a compliant meal or rest period.

3        49.   Defendants failed to provide Plaintiffs and Class Members with meal
4   periods as required by law, failed to authorize and permit Plaintiffs and Class
5   Members to take rest periods as required by law, and failed to provide Plaintiffs and
6   Class Members with suitable facilities for rest and/or meal periods.  Plaintiffs and
7   the Class Members are therefore entitled to payment of the meal and rest period
8   premiums as provided by law.

9   **FIFTH CLAIM FOR RELIEF**

10  **(Unfair Practice under the Unfair Competition Act)**

11       50.   Plaintiffs allege and incorporate by reference the allegations in the
12  preceding paragraphs.

13       51.   Section 17200 of the California Business and Professions Code —
14  California's Unfair Competition Law — prohibits unfair competition by
15  prohibiting, *inter alia*, any unlawful or unfair business acts or practices.  The
16  foregoing conduct by Defendants, as alleged, constitutes unlawful business actions
17  and practices in violation of Section 17200, *et seq.*

18       52.   Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs
19  and the Class Members are entitled to restitution of the overtime earnings and other
20  unpaid wages and premiums alleged herein that Defendants have improperly
21  withheld and retained during a period that commences four years prior to the filing
22  of this action, a permanent injunction requiring Defendants to pay minimum wage
23  and overtime to all workers as defined herein, in California, an award of attorneys'
24  fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law,
25  and costs.

26  **PRAYER FOR RELIEF**

27       53.   WHEREFORE, Plaintiffs on behalf of themselves and all members of
28  the Proposed Class, pray for relief as follows:

-14-

**SECOND AMENDED CLASS ACTION COMPLAINT**

A.     That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.     That Defendants are found to have violated the overtime provisions of the California Labor Code and Wage Orders as to Plaintiffs and the Class;

C.     That Defendants are found to have violated sections 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiffs and the Class;

D.     That Defendants are found to have violated California Labor Code section 226 for knowing and intentional failure to provide the required wage statements to Plaintiffs and the Class;

E.     That Defendants are found to have violated California Labor Code Section 226.7 and applicable IWC Wage Order(s) regarding meal and rest periods;

F.     That Defendants' violations as described above are found to be willful;

G.     An award to Plaintiffs and the Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

H.     That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Class due to Defendants' unlawful activities, pursuant to California Business and Professions Code sections 17200, *et seq.*;

I.     That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code sections 17200, *et seq.*;

-15-

**SECOND AMENDED CLASS ACTION COMPLAINT**

J.   An award of reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5, Labor Code section 1194 and/or other applicable law;

L.   For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

54.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: March 5, 2008                     NICHOLS KASTER & ANDERSON, LLP

                                          By:      s/Matthew C. Helland
                                                 Matthew C. Helland
                                                 ATTORNEYS FOR PLAINTIFFS
                                                 AND THE PUTATIVE CLASS

**SECOND AMENDED CLASS ACTION COMPLAINT**