# Exhibit 1

1   James H. Kaster, California Bar No. 248949
Matthew C. Helland, California Bar No. 250451
2   **NICHOLS KASTER, LLP**
One Embarcadero Center, Suite 720
3   San Francisco, California 94111
Telephone: (415) 277-7235
4   Facsimile: (415) 277-7238

5   Attorneys for Plaintiffs and the Class

6   Julie E. Patterson, California Bar No. 167326
**BRYAN CAVE LLP**
7   3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
8   Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

9
Attorneys for Defendant
10  ADECCO USA, INC.

11  Alexander Hernaez, California Bar No. 201441
**FOX ROTHSCHILD LLP**
12  235 Pine Street, Suite 1500
San Francisco, California 94104-2734
13  Telephone:  (415) 364-5540
Facsimile:   (415) 391-4436

14
Attorneys for Defendant
15  CELESTICA CORPORATION

16

17              **UNITED STATES DISTRICT COURT**

18     **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

19

20  Jose Cervantez, Rusty Reyes, George          Case No. 5:07-cv-00729 VAP (OPx)
Santos, Maria Nguyen, and Marina
21  Flores, individually, on behalf of others    [Assigned for all purposes to the
similarly situated, and on behalf of the     Honorable Virginia A. Phillips]
22  general public,

23              Plaintiffs,                      **CLASS ACTION SETTLEMENT
AGREEMENT AND STIPULATION**
24          vs.

25  Celestica Corporation, Adecco USA, Inc.,
and DOES 1-10 inclusive,
26
Defendants.

27

28

IR01DOCS442090.2

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1 **IT IS HEREBY STIPULATED AND AGREED**, by and between the

2 **Parties** (as defined in Part II.U.), subject to the approval of the **Court**, that this

3 **Action** shall be settled and dismissed with prejudice pursuant to the terms and

4 conditions set forth in this Class Action Stipulation of Settlement (the

5 "**Stipulation**") and the Exhibits hereto:

6 **I.     THE ACTION AND REASONS FOR STIPULATED SETTLEMENT**

7 **A.**     Jose Cervantez filed a Complaint on June 15, 2007, against defendants

8 **Adecco USA, Inc. ("Adecco")** and **Celestica Corporation ("Celestica")**

9 (collectively "**Defendants**"), in the United States District Court for the Central

10 District of California (Eastern Division), Case No. 5:07-cv-00729 VAP (OPx).  On

11 July 25, 2007, Jose Cervantez filed a First Amended Complaint, seeking to add

12 Rusty Reyes and George Santos as named plaintiffs, and seeking to represent a class

13 of non-exempt employees of **Adecco** who worked at **Celestica's** Fontana, California

14 and Ontario, California facilities during the four years preceding the filing of the

15 original Complaint, and who claim they are entitled to compensation for failure to

16 pay overtime in violation of Labor Code section 510, missed meal periods, missed

17 rest periods, failure to provide accurate itemized wage statements in violation of

18 Labor Code section 226(a), failure to pay wages due upon discharge in violation of

19 Labor Code sections 201 and 202, and violation of Business and Professions Code

20 sections 17200 et seq.  (Jose Cervantez, Rusty Reyes, and George Santos, and the

21 two subsequently-named plaintiffs to the **Action**, are referred to hereinafter in this

22 **Stipulation** collectively as "**Plaintiffs**.")

23 **Adecco** moved to strike **Plaintiffs'** punitive damages allegations on August

24 10, 2007 (a motion that was joined by **Celestica**), which was granted on October 5,

25 2007.  On October 15, 2007 and October 18, 2007, respectively, **Celestica** and

26 **Adecco** answered **Plaintiffs'** First Amended Complaint.  On March 4, 2008,

27 **Plaintiffs** filed a Second Amended Complaint, setting forth the same claims as in

28 the First Amended Complaint, and seeking to add Maria Nguyen and Marina Flores

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

2

1  as named plaintiffs.  On July 30, 2008, the **Action** was certified as a class action.

2      **B.**    The **Action** alleges **Defendants**: (1) failed to properly calculate and

3  pay overtime wages; (2) failed to provide meal and rest periods; (3) failed to comply

4  with itemized wage statement provisions; (4) failed to pay timely wages to

5  discharged class members; and (5) violated Section 17200, related to the

6  employment and compensation of the class members.  The **Action** seeks recovery of

7  alleged unpaid wages, restitution, injunctive relief and penalties pursuant to the

8  California Labor Code, California Industrial Welfare Commission Wage Orders

9  ("IWC Wage Orders"), and Section 17200.  The **Action** further seeks an award of

10  attorneys' fees, interest, and costs.

11      **C.**    **Defendants** denied the allegations in the Second Amended Complaint,

12  and continue to deny any liability or wrongdoing of any kind associated with any of

13  the claims alleged in the Second Amended Complaint.

14      **D.**    The **Parties** have litigated the **Action** extensively.  **Plaintiffs** have

15  propounded several sets of written discovery to both **Adecco** and **Celestica**,

16  responded to several sets discovery from both **Adecco** and **Celestica**, and reviewed

17  voluminous documents and other electronic information produced by both

18  **Defendants**.  In addition, **Plaintiffs** have conducted several interviews of third-party

19  witnesses, conducted multiple in-person site inspections of the subject facilities, and

20  have taken the depositions not only of the persons most knowledgeable at both

21  **Adecco** and **Celestica**, but several additional witnesses affiliated with both **Adecco**

22  and **Celestica**.  **Plaintiffs** have filed a motion for partial summary judgment against

23  **Defendants**, opposed **Adecco's** motion for partial summary judgment, and engaged

24  in several in-depth meet-and-confer communications on various discovery-related

25  topics.  Similarly, **Defendants** have propounded several sets of written discovery to

26  **Plaintiffs**, responded to several sets discovery from **Plaintiffs**, and reviewed

27  voluminous documents and other electronic information produced by **Plaintiffs**.  In

28  addition, **Defendants** have conducted several interviews of third-party witnesses,

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

3

1    and taken the depositions of Plaintiffs and other class members.  **Adecco** filed a

2    motion for partial summary judgment against **Plaintiffs**.  **Defendants** opposed

3    **Plaintiffs'** motion for partial summary judgment, and engaged in several in-depth

4    meet-and-confer communications on various discovery-related topics.  **Plaintiffs**

5    and **Defendants** each retained experts, exchanged expert reports and rebuttal

6    reports.

7       **E.**    Counsel for the **Parties** have engaged in extensive discussions about

8    the respective strengths and weaknesses of the claims and defenses.  On February 5,

9    2009, and then again on April 1, 2010, counsel for the **Parties** participated in

10   separate full-day mediation sessions with Mark S. Rudy, Esq.  The April 1, 2010

11   mediation session culminated in the **Parties** reaching an agreement on settlement

12   terms, which later culminated in the drafting of this **Stipulation**.

13      **F.**    **Plaintiffs** and their counsel, after evaluation of the sharply disputed

14   factual and legal issues relating to the **Parties'** respective positions in the **Action**

15   and taking into account the risks, uncertainties, and expense of continued litigation,

16   as well as the substantial benefits to be received pursuant to the mediated

17   compromise reached by the **Parties** and other relevant considerations, have

18   concluded that a settlement of this **Action** on the terms and conditions set forth in

19   this **Stipulation** is fair, adequate and reasonable, and in the best interests of

20   **Plaintiffs** and the **Class**.  The settlement provides a fair, flexible, speedy, cost-

21   effective, and assured procedure for providing a monetary settlement to **Plaintiffs**

22   and the **Class**.

23      **G.**    **Adecco** and its counsel, taking into account the risks, uncertainties,

24   disruptions and expense involved in the **Action,** its desire to put this controversy to

25   rest, have concluded that a settlement of the **Action** on the terms and conditions set

26   forth in this **Stipulation** is in the best interest of **Adecco** because it will end and

27   encompass all pending, threatened, or possible litigation and/or claims by **Plaintiffs**

28   or the **Class** against **Adecco** that involve or allege the claims that have been asserted

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

4

1 │ in the Second Amended Complaint.

2 │ **H.**     **Celestica** and its counsel, taking into account the risks, uncertainties,

3 │ disruptions and expense involved in the **Action,** its desire to put this controversy to

4 │ rest, have concluded that a settlement of the **Action** on the terms and conditions set

5 │ forth in this **Stipulation** is in the best interest of **Celestica** because it will end and

6 │ encompass all pending, threatened, or possible litigation and/or claims by **Plaintiffs**

7 │ or the **Class** against **Celestica** that involve or allege the claims that have been

8 │ asserted in the Second Amended Complaint.

9 │ **I.**     **Defendants** each deny all wrongdoing and liability alleged in the

10 │ **Action** and the **Parties** specifically agree that neither **Defendants'** execution of the

11 │ **Stipulation**, nor anything referred to herein, nor any action taken to carry out this

12 │ **Stipulation**, is or may be construed as an admission by or against **Defendants** or

13 │ deemed to be evidence: (i) of the validity of any of the claims made by **Plaintiffs** or

14 │ of any liability to **Plaintiffs** or to any **Class Member**; or (ii) that **Defendants**

15 │ violated federal or California law.

16 │ **II.**    **DEFINITIONS**

17 │      These definitions are applicable to this **Stipulation**.

18 │ **A.**     **"Action"** means the lawsuit captioned *Jose Cervantez, Rusty Reyes,*

19 │ *George Santos, Maria Nguyen, Marina Flores et al. v. Defendants Celestica*

20 │ *Corporation, Adecco USA, Inc.*, United States District Court for the Central District

21 │ of California (Eastern Division), Case No. 5:07-cv-00729 VAP (OPx).

22 │ **B.**     **"Authorized Claimant"** means any **Class Member** who has timely

23 │ and completely submitted a **Claim** that has been reviewed and validated by the

24 │ **Claims Administrator**.

25 │ **C.**     **"Defendants"** means **Adecco** and **Celestica**.

26 │ **D.**     **"Claim"** means an assertion made by a **Class Member** for a

27 │ **Settlement Payment**.

28 │ **E.**     **"Claimant"** means any **Class Member** who seeks a **Settlement**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   **Payment**.

2       **F.**     **"Claims Administrator"** means the claims administrator to be

3   determined by the parties and any successor(s) designated by the **Parties** to

4   effectuate the processing and payment of **Claims**.

5       **G.**     **"Class"** or **"Class Members"** means all individuals in the **Security**

6   **Line Subclass** and/or in the **Meal and Rest Period Subclass**.

7       **H.**     **"Class Period"** means June 14, 2003 to the **Preliminary Approval**

8   **Date**.

9       **I.**     **"Class Representative Enhancement"** means the sum to be paid to

10   and divided evenly between each of the named **Plaintiffs** as compensation for their

11   roles as the class representatives, and for the risks and work attendant to those roles.

12       **J.**     **"Court"** means the United States District Court for the Central District

13   of California, Eastern Division.

14       **K.**     **"Day"** means calendar day, unless expressly stated to be otherwise.

15       **L.**     **"Final Judgment"** means the order approving the **Settlement** and this

16   **Stipulation**, and the final determination of the rights of the **Parties** in the **Action**, as

17   contemplated in Part III.C. of this **Stipulation** and attached as Exhibit E.

18       **M.**     **"Final Settlement Date"** means the date on which the **Final**

19   **Judgment** approving this **Stipulation** becomes final.  For purposes of this

20   definition, the **Final Judgment** shall become final:

21           1.     if no appeal is taken, on the date on which the time to appeal has

22                 expired;

23           2.     if any appeal is taken, on the date on which an appeal has been

24                 finally disposed of in a manner resulting in affirmance of the

25                 **Final Judgment**; or

26           3.     on a date after entry of the **Final Judgment**, which date counsel

27                 for the **Parties** agree to in writing.

28       **N.**     **"Final Settlement Hearing"** means the hearing to be conducted by the

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1    **Court** to determine whether to enter the **Final Judgment**.

2    **O.**    **"Gross Settlement Amount"** means the all-inclusive, total settlement

3    amount, not to exceed Two Million and Five Hundred Thousand Dollars

4    ($2,500,000), that includes everything that could be payable to resolve the entire

5    case including, **Settlement Payments** to each and every **Class Member, Class**

6    **Representative Enhancement, Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses**

7    and **Settlement Administration Costs**.

8    **P.**    **"Individual Release"** means the full and final release of the **Released**

9    **Claims** contained in the **Notice** attached as Exhibit A to be sent to **Class Members**.

10    **Q.**    **"Meal and Rest Period Subclass"** means all current and former non-

11    exempt employees of **Defendants**, paid by **Adecco**, who worked at **Celestica's**

12    facilities at 13473 Santa Ana Avenue, Fontana, California, and 1392 North Sarah

13    Place, Ontario, California, and who, during the **Class Period**, were not provided a

14    meal or rest period to which they were entitled.

15    **R.**    **"Net Settlement Amount"** means the figure that shall be determined

16    by deducting the amounts awarded for **Plaintiffs' Attorneys' Fees, Plaintiffs'**

17    **Expenses, Class Representative Enhancement,** and **Settlement Administration**

18    **Costs** from the **Gross Settlement Amount**.

19    **S.**    **"Notice"** means the Notice of Pendency of Class Action, Proposed

20    Settlement and Final Hearing attached as Exhibit A.

21    **T.**    **"Objection/Exclusion Deadline Date"** means the date forty-five (45)

22    **Days** from the date the **Claims Administrator** mails the **Notice**.  It is the date by

23    which **Class Members** must: (i) file and serve a written statement objecting to the

24    **Settlement** and a written notice of intention to appear if they object to the

25    **Settlement**, or (ii) mail a Request for Exclusion Form, attached hereto as Exhibit C,

26    if they wish to be excluded from the **Settlement Class**.

27    **U.**    **"Parties"** means **Plaintiffs** and **Defendants**.

28    **V.**    **"Plaintiffs"** means plaintiffs Jose Cervantez, Rusty Reyes, George

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   Santos, Maria Nguyen, and Maria Flores, individually and in their capacities as

2   **Parties** acting as class representatives.

3       **W.**   **"Plaintiffs' Attorneys"** means Nichols Kaster LLP and Nichols

4   Kaster, PLLP.

5       **X.**   **"Plaintiffs' Attorneys' Fees"** means the amount awarded to the

6   **Plaintiffs' Attorneys** by the **Court** for prosecuting the **Action**.

7       **Y.**   **"Plaintiffs' Expenses"** means all of those expenses and costs incurred

8   in connection with the **Action** by or on behalf of **Plaintiffs** or **Plaintiffs' Attorneys**.

9       **Z.**   **"Plaintiffs' Released Claims"** means the **Claims** released by

10   **Plaintiffs** in Parts III.B.4., III.B.5., and III.B.6. of this **Stipulation**.

11       **AA.**   **"Preliminary Approval Date"** means the date of entry of the **Court's**

12   order granting preliminary approval of the **Settlement** according to the terms

13   established in Part III. of this **Stipulation**.

14       **BB.**   **"Released Parties"** means **Defendants**, their parents, predecessors, all

15   affiliates, subsidiaries, officers, directors, agents, employees, and stockholders.

16       **CC.**   **"Security Line Subclass"** means all current and former non-exempt

17   employees of **Defendants**, paid by **Adecco**, who passed through security screening

18   before, during or after their work shift, in **Celestica's** facility at 13473 Santa Ana

19   Avenue, Fontana, California, during the **Class Period**.

20       **DD.**   **"Settlement"** means the complete settlement and conclusion of this

21   litigation and all related **Claims** effectuated by this **Stipulation**.

22       **EE.**   **"Settlement Administration Costs"** means the fees and costs of any

23   type incurred or charged by the **Claims Administrator** in connection with the

24   execution of its duties under this **Stipulation** including, but not limited to:  fees and

25   costs associated with preparing, issuing and/or monitoring notice, computing

26   payments and taxes made under this **Stipulation**, handling inquiries about the

27   calculation of payments, and preparing and filing any tax returns and information

28   returns and any other filings required by any governmental taxing authority or

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1    governmental agency.

2         **FF.**   **"Settlement Class"** or **"Settlement Class Member"** means those

3    persons who are members of the **Class** who have not properly and timely opted out

4    of the **Action**.

5         **GG.**   **"Settlement Class Released Claims"** means the **Claims** released by

6    the **Settlement Class Members** in Parts III.B.1., III.B.2. and III.B.7. of the

7    **Stipulation**.

8         **HH.**   **"Settlement Payments"** means the amounts to be paid to individual

9    **Settlement Class Members**.

10   **III.**   **SETTLEMENT TERMS**

11        **Plaintiffs** and **Defendants** enter into this **Stipulation** and agree as follows:

12        The **Settlement** described herein will resolve fully and finally all claims

13   raised or that could have been raised in the Second Amended Complaint, including

14   without limitation, all claims of the **Settlement Class Members** against **Defendants**

15   for the alleged failure to properly calculate and pay overtime wages, failure to

16   provide meal periods, failure to provide rest periods, failure to provide accurate

17   wage statements, failure to timely pay all wages due at termination, violations of the

18   California Labor Code, and related claims for unfair business practices during the

19   **Class Period**.

20        **A.**   **Settlement Consideration**

21        1.   This **Settlement** requires **Defendants** to pay a total amount, not

22   to exceed Two Million and Five Hundred Thousand Dollars and no cents

23   ($2,500,000), for: (i) cash **Settlement Payments** according to a formula set forth in

24   Part III.F.5. on each timely and valid **Claim** submitted; (ii) **Plaintiffs' Attorneys'**

25   **Fees** as set forth in Part III.G. in an amount not to exceed 25% of $2,500,000 (i.e.,

26   $625,000); (iii) **Plaintiffs' Class Representative Enhancement** as set forth in

27   Part III.H. in an amount not to exceed a total of $10,000 to **Plaintiffs**, to be divided

28   evenly between **Plaintiffs**; (iv) **Plaintiffs' Expenses** as set forth in Part III.G. in

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

9

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   amount not to exceed $170,000; (v) **Settlement Administration Costs** in an amount
2   estimated at $75,000 and (vi) any other amount necessary to perform this
3   **Settlement**.

4         2.    It is further agreed that **Defendants'** maximum and total liability
5   under the **Agreement** is Two Million and Five Hundred Thousand Dollars
6   ($2,500,000).

7       **B.**   **Release of Claims**

8         1.    For and in consideration of the mutual promises contained
9   herein, **Plaintiffs** and the **Settlement Class Members** fully and finally release, as of
10  the **Final Settlement Date**, the **Released Parties** from any and all claims asserted
11  or unasserted, known and unknown, that were pled or could have been pled, relating
12  to the factual allegations in the Second Amended Complaint, including without
13  limitation, claims under the California Labor Code or federal, state or local wage
14  and hour laws, including claims for unpaid wages, compensation, overtime pay,
15  meal or rest break premiums, wage statement penalties, waiting time penalties, civil
16  penalties, interest, liquidated damages, punitive damages, and all related claims for
17  conversion and/or violations of the California Business & Professions Code section
18  17200.

19        2.    The released **Claims** described in Part III.B.1. include, and
20  **Plaintiffs** and each **Settlement Class Member** do and are hereby deemed to
21  release, without limitation: (i) the causes of action alleged in the Second Amended
22  Complaint, including without limitation, claims for alleged failure to provide meal
23  periods, alleged failure to provide paid rest periods, alleged failure to pay or
24  properly calculate overtime wages, alleged failure to provide accurate wage
25  statements, alleged failure to timely pay all wages due at termination, and alleged
26  unfair business practices; and (ii) any and all other claims which are based on or
27  relate to the alleged failure to provide meal periods, alleged failure to provide paid
28  rest periods, alleged failure to pay or properly calculate overtime wages, alleged

IR01DOCS442090.2

10

1  failure to provide accurate wage statements, alleged failure to timely pay all wages

2  due at termination, and alleged unfair business practices during the **Class Period**,

3  whether based on California or federal statute, ordinance, regulation, common law,

4  or other source of law, whether such claims are in the nature of wages,

5  compensation, overtime pay, back pay, damages, meal or rest period premiums,

6  liquidated damages, penalties, interest, punitive damages, attorneys' fees, costs,

7  expenses, restitution or injunctive relief, whether in contract, tort, or pursuant to a

8  statutory remedy, including, but not limited to, any claims that were or could have

9  been brought under California Labor Code sections 201, 202, 203, 204, 210, 218,

10  218.5, 218.6, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1194.5, and

11  1198, the applicable IWC Wage Orders, and all implementing regulations and

12  interpretative guidance or rulings and the like; any claims for conversion of monies

13  claimed to be due and owing to employees; any claims for unfair business practices

14  prohibited by the California Business and Professions Code section 17200, *et seq.*,

15  relating in any way to **Defendants'** alleged failure to provide meal periods, alleged

16  failure to provide paid rest periods, alleged failure to pay or properly calculate

17  overtime wages, alleged failure to provide accurate wage statements, alleged failure

18  to timely pay all wages due at termination, alleged unfair business practices, and any

19  related claims for accounting, declaratory relief and injunctive relief.

20         3.     Further, as a condition of receiving a **Settlement Payment**, each

21  **Settlement Class Member** shall receive, in the **Notice,** attached hereto as Exhibit

22  A, an **Individual Release**, and by not timely or completely submitting a Request for

23  Exclusion Form (attached hereto as Exhibit C), will be deemed to have accepted and

24  agreed to the terms of the **Individual Release**.  The terms of the **Individual Release**

25  shall be approved by the **Court**, and consistent with Parts III.B.1., III.B.2. and

26  III.B.7.

27         4.     In exchange for the consideration recited in this **Stipulation**,

28  **Plaintiffs**, solely on behalf of themselves, do hereby and forever release, acquit and

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1  discharge and covenant not to sue the **Released Parties** for any and all lawsuits,

2  charges, claims, complaints, grievances, liabilities, obligations, promises,

3  agreements, controversies, damages, actions, omissions, claims for relief, suits,

4  rights, demands, costs, lawsuits, and expenses (including attorneys' fees and costs

5  actually incurred) of any nature whatsoever, known or unknown, suspected or

6  unsuspected, which **Plaintiffs** now have or claims to have, or which **Plaintiffs** at

7  any time heretofore had or claimed to have, or which **Plaintiffs** at any time hereafter

8  may have or claim to have against each or any of the **Released Parties**, arising out

9  of or related to any matter, event, fact, act, omission, cause or thing which existed,

10 arose or occurred on or prior to the date of the execution of this **Stipulation**,

11 including without limitation, any claim for wages, compensation, overtime, bonuses,

12 meal or rest period premiums, purported unlawful deductions or withholdings,

13 penalties, interest, attorneys' fees or costs; any claim under Title VII of the Civil

14 Rights Act of 1964, the California Fair Employment and Housing Act, the Family

15 and Medical Leave Act, the Americans with Disabilities Act, the California Labor

16 Code including but not limited to Section 132a thereof, IWC Wage Orders, the Fair

17 Labor Standards Act, the California Business and Professions Code, the

18 Consolidated Omnibus Budget Reconciliation Act of 1985, the Employee

19 Retirement Income Security Act of 1974, and the National Labor Relations Act, or

20 any federal, state or local law or regulation prohibiting employment discrimination

21 or regulating employment.  This release also includes, but is not limited to, any

22 claim for negligent or intentional infliction of emotional distress, conversion,

23 violation of public policy, wrongful termination, retaliation, breach of contract,

24 unfair business practices or any other claim, however styled, relating to or arising

25 out of **Plaintiffs'** employment with, or separation of employment from, **Defendants**.

26      5.      Except for the obligations expressly provided for in this

27 **Stipulation**, **Plaintiffs** fully and finally release, as of the **Final Settlement Date**,

28 the **Released Parties** from any and all claims in favor of **Plaintiffs' Attorneys**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1   arising from the **Action**, including by way of example only, any and all claims for

2   attorneys' fees, costs, consultant's fees, expert witness fees, interest, or any other

3   expenses incurred by **Plaintiffs** or on behalf of the **Class Members** or **Plaintiffs'**

4   **Attorneys** in connection with or related in any manner to the **Action**, the

5   **Settlement** of the **Action** or the administration of the **Settlement**.

6           6.     **Plaintiffs,** with respect to the **Plaintiffs' Released Claims,** shall

7   be deemed to have, and by operation of the **Final Judgment** shall have, expressly

8   waived and relinquished, to the fullest extent permitted by law, the provisions, rights

9   and benefits of section 1542 of the California Civil Code, that provides:

10          A general release does not extend to claims which the creditor does not
11          know or suspect to exist in his or her favor at the time of executing the
            release, which if known by him or her must have materially affected his
12          or her settlement with the debtor.

13  Thus, even if **Plaintiffs** may hereafter discover facts in addition to or different

14  from those which they now know or believe to be true with respect to the subject

15  matter of **Plaintiffs' Released Claims**, **Plaintiffs** shall be deemed to have and by

16  operation of the **Final Judgment** shall have, fully, finally, and forever settled and

17  released any and all of **Plaintiffs' Released Claims** on the **Final Settlement Date**.

18  This is true whether such claims are known or unknown, suspected or unsuspected,

19  contingent or non-contingent whether or not concealed or hidden, which now exist,

20  or heretofore have existed upon any theory of law or equity now existing or coming

21  into existence in the future, including, but not limited to, conduct which is negligent,

22  intentional, with or without malice, or a breach of any duty, law, or rule, without

23  regard to the subsequent discovery or existence of such different or additional facts.

24          7.     The **Settlement Class Members**, with respect to the claims

25  released in Part III.B.1. and III.B.2., shall be deemed to have, and by operation of

26  the **Final Judgment** shall have, expressly waived and relinquished, to the fullest

27  extent permitted by law, the provisions, rights and benefits of section 1542 of the

28  California Civil Code, that provides:

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Thus, even if the **Settlement Class Members** may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the **Settlement Class Released Claims**, the **Settlement Class Members** shall be deemed to have and by operation of the **Final Judgment** shall have, fully, finally, and forever settled and released any and all of the **Settlement Class Released Claims** on the **Final Settlement Date**. This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

**C.     Approval of Settlement**

1.      As soon as practicable, the **Parties** shall execute and file this **Stipulation** including all attached exhibits; and **Plaintiffs** shall file an unopposed motion for preliminary approval and supporting papers with the **Court** that requests that the **Court** enter a proposed Preliminary Approval Order in the form attached as Exhibit D establishing a procedure for obtaining final approval of the **Settlement**. Any dispute regarding forms of notices and other documents necessary to implement the **Settlement** contained in the **Stipulation**, if not timely resolved among the **Parties**, shall be referred to the **Court**. The **Parties** shall seek a prompt hearing date to obtain preliminary approval of the **Settlement**.

2.      Within ten days after the filing of the motion for preliminary approval, **Defendants** shall provide notice of the **Settlement**, consistent with the requirements of 28 U.S.C. section 1715, to the Attorney General of the United

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   States and the California Attorney General.  If any of the notified federal or state
2   officials takes any action adversely affecting the validity or enforceability of the
3   **Settlement** or seeking to impose additional liability on **Defendants** for the matters
4   resolved by the **Settlement Class Released Claims**, **Defendants** may, at their
5   option, suspend the implementation of the **Settlement** pending the outcome of the
6   action initiated by the notified federal or state official or may elect to void the
7   **Settlement** by written notice to the attorneys of record for the other **Parties**.

8          3.     If preliminary approval is granted, a **Final Settlement Hearing**
9   to determine final approval of the **Settlement** shall be scheduled as soon as
10  practicable, subject to the calendar of the **Court**.  Upon final approval of the
11  **Settlement** by the **Court** at or after the **Final Settlement Hearing**, the **Parties** shall
12  seek and obtain from the **Court** a **Final Judgment** in the form attached hereto as
13  Exhibit E.  The **Final Judgment** shall, among other things:

14          a.     find that the **Court** has personal jurisdiction over all
15  **Settlement Class Members** and that the **Court** has subject matter jurisdiction to
16  approve this **Stipulation** and all exhibits thereto;

17          b.     approve this **Stipulation** and the proposed **Settlement** as
18  fair, reasonable and adequate, consistent and in compliance with all applicable
19  requirements of the Federal Rules of Civil Procedure, the California and United
20  States Constitutions (including the due process clauses), the Central District Local
21  Rules and any other applicable law, and in the best interests of each of the **Parties**
22  and the **Class Members**; direct the **Parties** and their counsel to implement this
23  **Stipulation** according to its terms and provisions; and declare this **Stipulation** to be
24  binding on **Plaintiffs** and all other **Class Members**, except those who timely and
25  properly filed Request for Exclusion Forms, as well as their heirs, executors and
26  administrators, successors and assigns;

27          c.     find that the **Notice** and notice methodology implemented
28  pursuant to this **Stipulation** (i) constituted the best practicable notice; (ii)

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1    constituted notice that was reasonably calculated, under the circumstances, to

2    apprise **Class Members** of the pendency of the **Action**, their right to object to or

3    exclude themselves from the proposed **Settlement** and their right to appear at the

4    **Final Settlement Hearing**; (iii) were reasonable and constituted due, adequate and

5    sufficient notice to all persons entitled to receive notice; and (iv) met all applicable

6    requirements of the Federal Rules of Civil Procedure, the California and United

7    States Constitutions (including the Due Process Clause), the Central District Local

8    Rules and any other applicable law;

9                d.      find that **Plaintiffs** and **Plaintiffs' Attorneys** adequately

10   represented the **Class** for purposes of entering into and implementing the settlement;

11               e.      dismiss the **Action** (including all individual claims and

12   **Class** claims presented thereby) with prejudice, without fees or costs to any party

13   except as provided in this **Stipulation**;

14               f.      incorporate the Release of Claims set forth above in

15   Part III.B. of this **Stipulation**, make the Release of Claims effective as of the date of

16   the **Preliminary Approval Date**, and forever discharge the **Released Parties** from

17   any claims or liabilities arising from or related to this **Action**;

18               g.      permanently bar and enjoin **Plaintiffs** and all **Class**

19   **Members** who have not been timely and properly excluded from the **Class** and any

20   person acting on their behalf from (i) filing, commencing, prosecuting, intervening

21   in, participating in (as class members or otherwise), or receiving any benefits or

22   other relief from, any other lawsuit, in any state or federal court, arbitration, or

23   administrative, regulatory or other proceeding or order in any jurisdiction based on

24   or relating to the claims and causes of action, or the facts and circumstances relating

25   thereto, in this **Action**; and (ii) organizing such non-excluded **Class Members** into a

26   separate class for purposes of pursuing as a purported class action (including by

27   seeking to amend a pending complaint to include class allegations, or by seeking

28   class certification in a pending action) any lawsuit based on or relating to the claims

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

16

1 and causes of action, or the facts and circumstances relating thereto, in this **Action**;

2          h.     authorize the **Parties**, without further approval from the

3 **Court**, to agree to and to adopt such amendments, modifications and expansions of

4 this **Stipulation** and all exhibits attached hereto as (i) are consistent with the **Final**

5 **Judgment**; and (ii) do not limit the rights of **Class Members** under the **Stipulation**;

6          i.     without affecting the finality of the **Final Judgment,** the

7 **Court** shall retain continuing jurisdiction over the **Action** and the **Parties** and

8 **Class**, and the administration and enforcement of the **Settlement**.  Any disputes or

9 controversies arising with respect to the interpretation, consummation, enforcement,

10 or implementation of the **Settlement** shall be presented by motion to the **Court**;

11 provided however, that nothing in this Part shall restrict the ability of the **Parties** to

12 exercise their rights under Parts III.C.3.a. through III.C.3.h., above; and

13      4.     After entry of the **Final Judgment**, the **Court** shall have

14 continuing jurisdiction over the **Action** solely for purposes of:  (i) enforcing this

15 **Stipulation**; (ii) addressing settlement administration matters; and (iii) addressing

16 such post-**Final Judgment** matters as may be appropriate under **Court** rules or

17 applicable law.

18      5.     Should the **Court** decline to approve this **Stipulation** or fail to

19 enter the **Final Judgment** in the form of Exhibit E, the **Stipulation** shall be

20 voidable by **Defendants** or **Plaintiffs** by written notice to the attorneys of record for

21 the other party served in a manner authorized by the Federal Rules of Civil

22 Procedure, no later than fifteen (15) **Days** after entry of any such order or after

23 service of an applicable notice of ruling, whichever occurs later, or if no such order

24 is entered or notice of ruling served, within 90 **Days** after the **Final Settlement**

25 **Hearing**.  If either party voids this **Stipulation** pursuant to this Part III.C.5.,

26 **Defendants** shall have no obligations to make any payments under this **Stipulation**.

27 In addition, the **Claims Administrator** shall equally divide between the **Parties** any

28 expenses of the **Notice** or claims administration which it has incurred, and each

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1  **party** shall pay one-third (1/3) of such costs and expenses. This right to void the

2  **Stipulation** does not apply to the **Court's** award of **Plaintiffs' Attorneys' Fees**,

3  **Plaintiffs' Expenses** or the **Class Representative Enhancement**, provided any

4  such awards do not exceed the amounts set forth in Parts III.G.3. and III.H. Should

5  the **Court** award less than the maximum amount sought for **Plaintiffs' Attorneys'**

6  **Fees, Plaintiffs' Expenses** or the **Class Representative Enhancement, Plaintiffs**

7  sole recourse shall be to: (i) move or apply within thirty (30) days of the entry of

8  **Final Judgment** for the amendment of the **Final Judgment** with respect to

9  **Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses** or the **Class Representative**

10  **Enhancement**, or (ii) file an appeal pursuant to Part III.J.4.

11          **D.**    <u>Notice to Class Members</u>

12          1.    The **Notice** in the form attached hereto as Exhibit A, and as

13  approved by the Court, shall be provided to the **Class** using the procedures in this

14  Part III.D. The **Parties** agree to have the **Notice**, Proof of Claim Form and Request

15  for Exclusion Form translated into Spanish, with the cost of translation to be

16  included in the **Settlement Administration Costs**.

17          2.    Within ten (10) business days after the **Preliminary Approval**

18  **Date**, Adecco shall provide the **Claims Administrator** and **Plaintiffs' Attorneys**

19  with the following information for the **Class** from **Adecco's** records: names, most

20  current mailing addresses, Social Security numbers, and individual total shifts

21  worked during the **Class Period** broken out separately for **Celestica's** facilities at

22  13473 Santa Ana Avenue, Fontana, California and 1392 North Sarah Place, Ontario,

23  California. Within five (5) business days thereafter, **Plaintiffs' Attorneys** shall

24  provide the **Claims Administrator** with any updated addresses for **Class Members**.

25  This information shall remain confidential and shall not be disclosed to anyone,

26  except applicable taxing authorities, to **Plaintiffs' Attorneys** and within the **Claims**

27  **Administrator** to carry out the reasonable efforts described in this Part III.D., or

28  pursuant to express written authorization by **Adecco** or by order of the **Court**.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

18

3.      Within fourteen (14) **Days** of receipt of the mailing address
information from **Adecco**, the **Claims Administrator** shall, using the information
provided by **Adecco** and **Plaintiffs' Attorneys**, along with any updated information
obtained from the National Change of Address database which the **Claims**
**Administrator** shall use to confirm mailing information, mail the **Notice** to all
identified **Class Members** by first-class, regular U.S. Mail to the most recent
address known for each **Class Member**.  Attached to the **Notice** will be a Proof of
Claim Form and Request for Exclusion Form, in the form attached hereto as
Exhibits B and C respectively, and as approved by the **Court**.

4.      Starting thirty (30) **Days** after mailing the **Notice** to **Class**
**Members**, and continuing until ten (10) **Days** before the deadline for **Class**
**Members** to retain a Claim Form, the **Claims Administrator** will perform an
address trace on any mail returned undeliverable.  If the address trace reveals an
alternative possible address, the **Claims Administrator** will remail each
undeliverable **Notice** to the one (1) most likely alternate address.   Upon completion
of these steps by the **Claims Administrator**, the **Parties** shall be deemed to have
satisfied their obligation to provide the **Notice** to the **Class**.

E.      **Objection and Exclusion Procedures**

1.      The **Notice** shall provide that **Class Members** who wish to
object to the **Settlement** must file with the **Court** and serve on counsel for the
**Parties** a written statement objecting to the **Settlement** and a written notice of
intention to appear at the **Final Settlement Hearing** and object.  Such written
statement and notice must be filed with the **Court** and served on counsel for the
**Parties** by the **Objection/Exclusion Deadline Date**.  **Class Members** who fail to
file and serve timely written objections and notice of intention to appear and object
in the manner specified above shall be deemed to have waived any objections and
shall be foreclosed from making any objection (whether by appeal or otherwise) to
the **Settlement**.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

19

2.      The **Notice** also shall provide that **Class Members** who wish to exclude themselves from the **Settlement Class** must submit to the **Claims Administrator** the Request for Exclusion Form which contains places for the **Class Member** requesting exclusion to insert his or her name, address and telephone number.  The Request for Exclusion Form must be completed, signed under the penalty of perjury and sent by first-class, regular U.S. mail to the **Claims Administrator**.  The Request for Exclusion Form must be postmarked on or before the **Objection/Exclusion Deadline Date** and actually received by the **Claims Administrator** within ten (10) **Days** of that date to be valid.  Any Request for Exclusion Form postmarked after the **Objection/Exclusion Deadline Date** or received more than 10 **Days** thereafter shall be of no force and effect under any circumstance.  **Class Members** who fail to file and serve a valid and timely Request for Exclusion Form on or before the **Objection/Exclusion Deadline Date** shall be deemed a **Settlement Class Member** and bound by all terms of the **Settlement** and any **Final Judgment** entered in the **Action** if the **Settlement** is approved by the **Court**, regardless of whether they have objected to the **Settlement**.  Any **Class Member** who timely submits a Request for Exclusion Form will not receive a **Settlement Payment**.  If any **Class Member** timely submits both a Proof of Claim Form and a Request for Exclusion Form, the Request for Exclusion Form will be invalid, and the **Class Member** will be included in the **Settlement Class** and will be bound by the terms of the **Settlement**.

3.      The **Parties'** counsel shall receive a copy of all valid and timely Request for Exclusion Forms from the **Claims Administrator** within seven (7) **Days** of the **Claims Administrator**'s receipt.  No later than thirty (30) **Days** before the **Final Settlement Hearing**, the **Claims Administrator** shall provide the **Parties** with a complete and accurate list of all **Class Members** who have properly requested exclusion from the **Settlement Class**.  No later than thirty (30) **Days** before the **Final Settlement Hearing**, counsel for the **Parties** shall serve on

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1 opposing counsel all written objections to the **Settlement** and/or notices of intention

2 to appear and object that have been received.

3      4.      Subject to **Plaintiffs' Attorneys'** ethical duties as Class Counsel,

4 the **Parties** agree that neither they nor their counsel will solicit or otherwise

5 encourage directly or indirectly any **Class Member** to request exclusion from the

6 **Settlement Class**, object to the **Settlement**, or appeal from the **Court's Final**

7 **Judgment**.

8      **F.      Claims Administration and Payment of Claims**

9      1.      The **Notice** sent to each member of the **Class** shall be

10 accompanied by a separate Proof of Claim Form which is attached hereto as

11 Exhibit B. The **Notice** and Proof of Claim Form shall direct that each **Class**

12 **Member** must return the completed Proof of Claim Form within sixty (60) **Days**

13 from the date of the mailing of the **Notice**. As a condition of receiving any

14 **Settlement Payments**, each **Claimant** must submit a timely Proof of Claim Form.

15      2.      The **Claimant** must complete, sign under penalty of perjury and

16 mail the Proof of Claim Form by regular mail to the **Claims Administrator**,

17 postmarked no later than sixty (60) **Days** from the date of the mailing of the **Notice**.

18 If a timely but incomplete or defective Proof of Claim Form is received by the

19 **Claims Administrator** within the required time, the **Claims Administrator** shall,

20 as promptly as reasonably possible but no later than fourteen (14) **Days** after such

21 receipt, notify the **Claimant** in writing of the defects in the Proof of Claim Form,

22 and give the **Claimant** an additional ten (10) **Days** after such written notification to

23 cure any defect.

24      3.      No Proof of Claim Form will be honored if postmarked more

25 than sixty (60) **Days** after the date the **Notice** was mailed to the **Class**. Proof of

26 Claim Forms received by the **Claims Administrator** more than seventy (70) **Days**

27 after the date the **Notice** was mailed to the **Class** will have no force and effect,

28 regardless of whether the Proof of Claim Form bears a timely postmark.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1      4.    In consideration for the **Settlement** and release of the

2 **Settlement Class Released Claims**, **Defendants** shall pay, or cause to be paid, to

3 each **Authorized Claimant** cash compensation according to the procedures set forth

4 in this Part III.F.4., less applicable taxes per Part III.F.8.  85% of the **Net Settlement**

5 **Amount** shall be allocated to the **Security Line Subclass**, while 15% of the **Net**

6 **Settlement Amount** shall be allocated to the **Meal and Rest Period Subclass**.

7       **Authorized Claimants** in the **Security Line Subclass** shall receive cash

8 compensation based on the number of qualified shifts worked in this subclass.  The

9 per-shift payment for **Authorized Claimants** in the **Security Line Subclass** shall

10 be determined by dividing the **Net Settlement Amount** allocated to this subclass by

11 the total shifts worked by the **Security Line Subclass** at 13473 Santa Ana Avenue,

12 Fontana, California, during the **Class Period**.  For purposes of determining this per-

13 shift payment, shifts worked from the beginning of the **Class Period** through

14 August 31, 2007 shall be counted as full shifts, and shifts worked from September 1,

15 2007 through the end of the **Class Period** shall be counted as half shifts.

16 **Authorized Claimants** in the **Security Line Subclass** will receive a full per-shift

17 payment for each shift worked at 13473 Santa Ana Avenue, Fontana, California,

18 from the beginning of the **Class Period** through August 31, 2007.  They will receive

19 half a per-shift payment for each shift worked at this location from September 1,

20 2007 through the end of the **Class Period**.

21      Twenty-five percent (25%) of the **Net Settlement Amount** allocated to the

22 **Meal and Rest Period Subclass** shall be allocated to the general meal and rest

23 period claims of **Meal and Rest Period Subclass** members who worked at the

24 Celestica facility located at 1392 North Sarah Place, Ontario, California.

25 **Authorized Claimants** who were not provided with a first meal or a rest period to

26 which they were entitled will receive cash compensation based on the number of

27 shifts worked at this facility.  The per-shift payment will be determined by dividing

28 the money allocated to these claims by the total shifts worked by the **Meal and Rest**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1 **Period Subclass** at 1392 North Sarah Place, Ontario, California during the **Class**

2 **Period**. The individual payments for such **Authorized Claimants** will be

3 determined by multiplying the per-shift payment by the total of their individual

4 qualifying shifts worked at this facility.

5 The balance of the **Net Settlement Amount** allocated to the **Meal and Rest**

6 **Period Subclass** will be distributed to **Authorized Claimants** who worked shifts

7 exceeding 10 hours but whose time records show no second meal period deduction.

8 The per-shift payment for **Authorized Claimants** who worked such shifts will be

9 determined by dividing the balance of the **Net Settlement Amount** allocated to the

10 **Meal and Rest Period Subclass** by the total number of qualifying shifts exceeding

11 10 hours worked by the **Meal and Rest Period Subclass**. The individual payments

12 for such **Authorized Claimants** will be determined by multiplying the per-shift

13 payment by the total of their individual qualifying shifts exceeding 10 hours.

14 Any portion of the **Net Settlement Amount** that is not initially claimed by

15 **Authorized Claimants**, shall be distributed according to procedures set forth in Part

16 III.F.6. In the event of a dispute between **Defendants** and an **Authorized Claimant**

17 regarding the number of qualified shifts worked, counsel for the **Parties** shall meet

18 and confer over the matter. If they are unable to resolve the dispute, the matter shall

19 be referred to the **Claims Administrator** for a final, binding and non-appealable

20 decision. **Defendants** shall retain the amount that would have been paid to a **Class**

21 **Member** who has filed a timely and valid request for exclusion if that **Class**

22 **Member** also files a lawsuit or administrative claim against **Defendants** asserting

23 claims released by the **Class** prior to the date the **Settlement Payments** are

24 distributed.

25 5. **Settlement Payments** will be made only to **Authorized**

26 **Claimants**. The payment per shift will be a set amount in accordance with the

27 methodology set forth in Part III.F.4. The **Claims Administrator** shall ensure that,

28 from the **Net Settlement Amount**, **Authorized Claimants** shall be paid an amount

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1  equal to, but not more than, the sum of qualified shifts worked by the **Authorized**

2  **Claimants** multiplied by the payment per workweek as determined in accordance

3  with Part III.F.4.

4        6.      **Defendants'** monetary obligation under this **Stipulation** shall be

5  in the amount of $2,500,000. **Defendants** may not be called upon or required to

6  contribute additional monies under any circumstances whatsoever. Any portion of

7  the **Net Settlement Amount** allocated to **Class Members** who are not **Authorized**

8  **Claimants** first shall be applied to satisfy **Defendants'** FICA, federal and state

9  unemployment, and other employer payroll tax obligations. Any remaining

10  unclaimed **Net Settlement Amount** shall then be allocated to **Authorized**

11  **Claimants** on a pro rata basis for a maximum of three (3) times the **Authorized**

12  **Claimants'** per-shift payments. Finally, any unclaimed **Net Settlement Amount**

13  remaining after the above-described pro rata adjustment shall be donated to a charity

14  mutually designated by the **Parties**. All costs and expenses arising out of or in

15  connection with the performance of this **Stipulation** shall be paid from the total

16  consideration. In the event this **Stipulation** is canceled, rescinded, terminated,

17  voided or nullified, however that may occur, or the settlement of the **Action** is

18  barred by operation of law, or invalidated, or ordered not to be carried out by a court

19  of competent jurisdiction, **Defendants** will cease to have any obligation to pay any

20  portion of the total monetary obligation to anyone under the terms of this

21  **Stipulation** and all previous disbursements will immediately revert back to

22  **Defendants**.

23        7.      The **Claims Administrator** shall regularly and accurately report

24  to the **Parties'** Counsel, in written form when requested, the substance of the work

25  performed, including the amounts paid to **Claimants**, the basis for any denial of a

26  claim, and the total amount of **Claims** paid. The **Claims Administrator's** approval

27  and denial of **Claims** shall be conclusive and binding on all **Claimants** and **Parties**.

28        8.      All **Settlement Payments** paid to satisfy disputed **Claims** shall

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

24

be allocated as follows:  fifty percent (50%) to wages, to be reported on a W-2 form; and fifty percent (50%) shall be allocated to interest, penalties, and other non-wage related **Claims** to be reported on a 1099 form.  It is understood and agreed that the portion of the **Settlement Payments** allocated to wages shall be subject to the withholding of all applicable local, state and federal income and employment taxes. The amount of federal income tax withholding will be based upon a flat withholding rate of twenty-eight percent (28%) (Treas. Reg. § 31.3402(g)-l(a)(2)) and income tax withholding with respect to California will be based upon a flat withholding rate of six percent (6%) (Cal. Rev. Tax'n Code § 18663(b)), in addition to any other applicable federal, state or local employment or other taxes.  The **Parties**, however, agree that no taxes will be withheld or paid by **Defendants** with respect to that portion of the **Settlement Payments** allocated to interest, penalties, and non-wage claims.  Each individual **Settlement Class Member** shall be responsible for any taxes due on the portion of his or her **Settlement Payment** that is allocated toward interest, penalties, or non-wage claims.  The **Parties** further agree that no taxes will be withheld or paid by **Defendants** with respect to payments of the **Settlement Administration Costs, Class Representative Enhancement, Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses**.  Any taxes due thereon shall be respectively the responsibility of **Class Administrator**, **Plaintiffs** and **Plaintiffs' Attorneys**.  **Defendants** agree to pay the employer's share of payroll taxes on the **Settlement Payments**.  The **Parties** acknowledge and agree that proper information reporting will be made to the appropriate taxing authorities regarding all payments made pursuant to this **Stipulation**.

9.    Each party to this **Stipulation** acknowledges and agrees that:  (a) no provision of this **Stipulation**, and no written communication or disclosure between or among the **Parties** or their attorneys and other advisors, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1   Treasury Department Circular 230 (31 CFR Part 10, as amended); (b) the **Parties** (i)
2   have relied exclusively upon their own independent legal and tax advisors for advice
3   (including tax advice) in connection with this **Stipulation**; (ii) have not entered into
4   this **Stipulation** based upon the recommendation of any other party or any attorney
5   or advisor to any other party; and (iii) are not entitled to rely upon any
6   communication or disclosure by an attorney or advisor to any other party to avoid
7   any tax penalty that may be imposed on either party; and (iv) no attorney or advisor
8   to any party has imposed any limitation that protects the confidentiality of any such
9   attorneys' or advisor's tax strategies (regardless of whether such limitation is legally
10  binding) upon disclosure by the parties of the tax treatment or tax structure of any
11  transaction, including any transaction contemplated by this **Stipulation**.

12          10.    **Defendants** will not use the **Settlement Payments** to calculate
13  any additional benefits including, by example but not limitation, vacation, holiday
14  pay or 401(k) plan contributions.

15          11.    The **Settlement Payments** shall be made to each **Authorized**
16  **Claimant** within fifteen (15) **Days** after the **Final Settlement Date**.

17      **G.    Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses**

18          1.    **Defendants** agree that **Plaintiffs' Attorneys** are entitled to an
19  award of reasonable attorneys' fees and costs subject to the **Court** entering the
20  **Final Judgment**. **Defendants** also acknowledge that the **Class** possesses a
21  potential claim for reasonable attorneys' fees and costs pursuant to, *inter alia*, the
22  California Labor Code. The **Parties** agree that any and all such claims for
23  reasonable attorneys' fees and costs have been settled in this **Stipulation**. The
24  **Plaintiffs' Attorneys' Fees** are to compensate **Plaintiffs' Attorneys** for all work
25  already performed in this **Action**, and all remaining work to be performed in
26  documenting the **Settlement**, securing **Court** approval of the **Settlement**, making
27  sure the **Settlement** is fairly administered and implemented, and obtaining the **Final**
28  **Judgment**.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

26

2.      All of the costs, fees and expenses to be incurred in giving **Notice** to the **Class** by mail and all of the costs, fees and expenses of administering the disbursement of the **Settlement Payments** shall be paid from the **Gross Settlement Amount**.  The **Parties** agree that any such expenses will be included as part of the **Settlement Administration Costs** paid directly by **Defendants** to the **Claims Administrator** from the **Gross Settlement Amount**.

3.      **Defendants** understand that **Plaintiffs' Attorneys** will apply to the **Court** for an award of **Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses**, which will be scheduled for determination at the **Final Settlement Hearing** or as the **Court** directs.  **Defendants** will not oppose **Plaintiffs' Attorneys'** application for a reasonable award of **Plaintiffs' Attorneys' Fees** in a total amount not to exceed 25% of $2,500,000 ($625,000) and **Plaintiffs' Expenses** in a total amount not to exceed $170,000.  **Plaintiffs** and the **Settlement Class** shall not seek payment of attorneys' fees or reimbursement of costs or expenses from **Defendants** except as set forth herein.  **Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses** shall be paid by **Defendants** within fifteen (15) **Days** after the **Final Settlement Date**.

**H.      Class Representative Enhancement**

**Defendants** will not oppose a request that **Plaintiffs** be paid a **Class Representative Enhancement** in an amount up to Ten Thousand Dollars ($10,000), to be divided evenly between **Plaintiffs**.  The **Class Representative Enhancement** shall be paid within fifteen (15) **Days** after the **Final Settlement Date**.

**I.      Government Actions Affecting Settlement**

If any administrative proceeding or action is commenced on or before a date that is two years from the **Preliminary Approval Date** by any federal, state or local government authority, including without limitation the U.S. Department of Labor or the California Division of Labor Standards Enforcement, in a *parens patriae* or other function asserting claims within the scope of the **Action**, **Plaintiffs** and **Plaintiffs' Attorneys** will sign an appropriate declaration at the request of

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1 **Defendants** supporting the settlement and asserting that the governmental action is

2 within the scope of this **Stipulation**, the **Action** and the **Final Judgment**.

3 Additionally, in the event any action is commenced by a governmental authority as

4 stated in this Part III.I., **Defendants** shall have the option, in their sole discretion, to

5 immediately suspend payments to the **Settlement Class** pending the outcome of the

6 suit or administrative proceeding brought by the governmental authority, if such

7 action is taken prior to the distribution of the **Settlement Payments** to the

8 **Settlement Class**.

9     **J.**    <u>**Additional Terms**</u>

10     1.    **Defendants** deny they have engaged in any unlawful activity,

11 have failed to comply with the law in any respect, have any liability to anyone under

12 the claims asserted in the action. The **Parties** expressly acknowledge that this

13 **Stipulation** is entered into for the purpose of compromise of highly disputed claims

14 and that nothing herein is an admission of liability or wrongdoing for purposes of

15 determination on the merits by **Defendants**. Neither the **Stipulation** nor any

16 document prepared in connection with the **Settlement** may be admitted in any

17 proceeding as an admission by **Defendants, Plaintiffs**, or any person within the

18 definition of the **Class**. However, this paragraph and all other provisions of this

19 **Stipulation** notwithstanding, any and all provisions of this **Stipulation** may only be

20 admitted in evidence and otherwise used in any and all proceedings to enforce any

21 or all terms of this **Stipulation**, or in defense of any claims released or barred by

22 this **Stipulation**.

23     2.    Other than through **Court** filings authorized herein, **Plaintiffs**

24 and **Plaintiffs' Attorneys** shall not publicize the **Settlement**, including without

25 limitation, discussing the **Settlement** or the **Action** with any representative of any

26 print, radio or television media or publishing information about the terms of the

27 **Settlement** electronically or in hardcopy form, including without limitation on a

28 website, blog, newsletter. **Defendants** may make such disclosures of the

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  **Settlement** as required by its auditors, lenders, insurers, stockholders, government

2  agencies, or applicable securities laws, if any.

3        3.    Unless otherwise specifically provided herein, all notices,

4  demands or other communications given hereunder shall be in writing and shall be

5  deemed to have been duly given as of the third business day after mailing by United

6  States mail, addressed as follows:

7      To the **Settlement Class** or the **Plaintiffs**:

8      James H. Kaster
    Matthew C. Helland
9      NICHOLS KASTER LLP
    One Embarcadero Center, Suite 720
10     San Francisco, California 94111

11     To **Adecco**:

12     Julie E. Patterson
    Bryan Cave LLP
13     3161 Michelson Drive, Suite 1500
    Irvine, California 92612-4414
14

15     To **Celestica**:

16     Alexander Hernaez
    Fox Rothschild LLP
    235 Pine Street, Suite 1500
17     San Francisco, California 94104

18       4.    **Plaintiffs**, individually and as class representatives, the

19 **Settlement Class**, **Defendants**, all attorneys for **Plaintiffs** and the **Class**, and all

20 attorneys for **Defendants**, hereby waive any and all rights to appeal, this waiver

21 being contingent upon the **Court** entering the **Final Judgment** attached as Exhibit

22 E. This waiver includes waiver of all rights to any post-judgment proceeding and

23 appellate proceeding, including but not limited to, motions for relief from judgment

24 and motions to amend or alter the judgment; except that **Plaintiffs** may file an

25 appeal to challenge the **Court's** award of **Plaintiffs' Attorneys' Fees, Plaintiffs'**

26 **Expenses** and **Plaintiffs' Class Representative Enhancement**. **Defendants'**

27 obligation to make any payment under this **Stipulation** shall be suspended while

28 any appeal or post-judgment proceeding concerning **Plaintiffs' Attorneys Fees,**

IR01DOCS442090.2

29

1   **Plaintiffs' Expenses** and **Class Representatives Enhancement** is pending. The

2   waiver does not include any waiver of the right to oppose any appeal, appellate

3   proceedings or post-judgment proceedings, if any.

4       5.     After this **Stipulation** is fully executed by all **Parties** and their

5   attorneys of record, this **Stipulation** and its attached Exhibits shall constitute the

6   entire agreement relating to settlement of this **Action** and the claims for relief and

7   defenses asserted therein, and it shall then be deemed that no oral representations,

8   warranties or inducements have been made to any party concerning this **Stipulation**

9   or its Exhibits other than the representations, warranties and covenants expressly

10   stated in this **Stipulation** and its Exhibits.

11       6.     After this **Stipulation** is fully executed by all **Parties** and their

12   attorneys of record, all litigation in the **Action** shall be stayed, and no additional

13   **Court** filings shall be made by the **Parties** except as specifically provided for herein

14   and as are necessary to enforce the terms of this **Stipulation**.

15       7.     **Plaintiffs' Attorneys** unconditionally warrant and represent that

16   they are authorized by **Plaintiffs** for whom they are attorneys of record, and the

17   attorneys of record for **Defendants** warrant and represent that they are authorized by

18   **Defendants**, to take all appropriate action required or permitted to be taken by such

19   **Parties** pursuant to this **Stipulation** to effectuate its terms, and to execute any other

20   documents required to effectuate the terms of this **Stipulation**. The **Parties** and

21   their counsel will cooperate with each other and use their best efforts to effect the

22   implementation of the **Settlement**. In the event the **Parties** are unable to reach

23   agreement on the form or content of any document needed to implement the

24   **Stipulation**, or on any supplemental provisions that may become necessary to

25   effectuate the terms of this **Stipulation**, the **Parties** agree to first seek the assistance

26   of mediator Mark S. Rudy. If the **Parties** are unable to reach an agreement with the

27   mediator's assistance, they will seek the assistance of the **Court**. In all cases all

28   such documents, supplemental provisions and assistance of the mediator and the

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1  Court shall be consistent with this **Stipulation**.

2      8.      **Plaintiffs** agree to return all documents and electronic

3  information produced by **Defendants** for the purposes of mediation within 30 **Days**

4  after the **Final Settlement Date.**

5      9.      Except where the context indicates otherwise, references to the

6  **Court** shall also include any other courts that take jurisdiction of any of the matters

7  that currently complete the **Action**.

8      10.      This **Stipulation**, and any and all parts of it, may be amended,

9  modified, changed, or waived only by an express written instrument signed by all

10  **Parties** or their successors-in-interest.

11      11.      This **Stipulation** shall be binding upon, and inure to the benefit

12  of, the successors of each of the **Parties** and **Class Members**.

13      12.      All terms of this **Stipulation** and its Exhibits shall be governed

14  by and interpreted according to the laws of the State of California, without giving

15  effect to any conflict of law principles or choice of law principles.

16      13.      The **Parties** have cooperated in the drafting and preparation of

17  this **Stipulation**. This **Stipulation** shall not be construed against any party on the

18  basis that the party was the drafter or participated in the drafting.

19      14.      This **Stipulation** may be executed in one or more counterparts.

20  All executed counterparts and each of them shall be deemed to be one and the same

21  instrument provided that counsel for the **Parties** to this **Stipulation** shall exchange

22  among themselves original signed counterparts. Facsimile signatures will be

23  accepted if the original signature is provided within seven (7) **Days**. Any executed

24  counterpart shall be admissible in evidence to prove the existence and contents of

25  this **Stipulation**.

26      15.      **Plaintiffs** and **Defendants** believe this is a fair, reasonable and

27  adequate **Settlement** and have arrived at this **Settlement** through arms-length

28  negotiations, taking into account all relevant factors, present and potential.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1        16.    The descriptive headings of any paragraph or sections of this

2  Stipulation are inserted for convenience of reference only and do not constitute a

3  part of this Stipulation.

4

5  Dated:  __5 – 20 –__, 2010

6                                 **JOSE CERVANTEZ**

7

8  Dated:  _____, 2010

                                      **RUSTY REYES**

9

10  Dated:  _____, 2010

11                                 **GEORGE SANTOS**

12

13  Dated:  _____, 2010

14                                 **MARIA NGUYEN**

15  Dated:  _____, 2010

16                               **MARINA FLORES**

17  Dated:  _____, 2010      **NICHOLS KASTER LLP**

18

19                            By: _____

20                               James H. Kaster

21                               Class Counsel for Plaintiffs and Class

22                 [Signatures continued on the next page]

23

24

25

26

27

28

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414



16.    The descriptive headings of any paragraph or sections of this **Stipulation** are inserted for convenience of reference only and do not constitute a part of this **Stipulation**.

Dated: _____, 2010

**JOSE CERVANTEZ**

Dated: MAY 20 , 2010

**RUSTY REYES**

Dated: _____, 2010

**GEORGE SANTOS**

Dated: _____, 2010

**MARIA NGUYEN**

Dated: _____, 2010

**MARINA FLORES**

Dated: _____, 2010

**NICHOLS KASTER LLP**

By: _____
James H. Kaster
Class Counsel for Plaintiffs and Class

[Signatures continued on the next page]

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

16.    The descriptive headings of any paragraph or sections of this **Stipulation** are inserted for convenience of reference only and do not constitute a part of this **Stipulation**.

Dated: _____, 2010

**JOSE CERVANTEZ**

Dated: _____, 2010

**RUSTY REYES**

Dated: 5/24____, 2010

**GEORGE SANTOS**

Dated: _____, 2010

**MARIA NGUYEN**

Dated: _____, 2010

**MARINA FLORES**

Dated: _____, 2010

**NICHOLS KASTER LLP**

By: _____
     James H. Kaster
     Class Counsel for Plaintiffs and Class

[Signatures continued on the next page]

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1         16.    The descriptive headings of any paragraph or sections of this

2 **Stipulation** are inserted for convenience of reference only and do not constitute a

3 part of this **Stipulation**.

5 Dated: _____, 2010

                                **JOSE CERVANTEZ**

7 Dated: _____, 2010

                                **RUSTY REYES**

10 Dated: _____, 2010

                                **GEORGE SANTOS**

13 Dated: 5 - 23 - 2010, 2010      *Maria . NGuyen*

                                **MARIA NGUYEN**

15 Dated: _____, 2010

                                **MARINA FLORES**

17 Dated: _____, 2010      **NICHOLS KASTER LLP**

                                By: _____

                                   James H. Kaster
                                 Class Counsel for Plaintiffs and Class

[Signatures continued on the next page]

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414



16. The descriptive headings of any paragraph or sections of this Stipulation are inserted for convenience of reference only and do not constitute a part of this Stipulation.

Dated: _____, 2010

**JOSE CERVANTEZ**

Dated: _____, 2010

**RUSTY REYES**

Dated: _____, 2010

**GEORGE SANTOS**

Dated: _____, 2010

**MARIA NGUYEN**

Dated: 05- 24 _____, 2010

**MARINA FLORES**

Dated: _____, 2010 **NICHOLS KASTER LLP**

By: _____
James H. Kaster
Class Counsel for Plaintiffs and Class

[Signatures continued on the next page]

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

16.    The descriptive headings of any paragraph or sections of this **Stipulation** are inserted for convenience of reference only and do not constitute a part of this **Stipulation**.

Dated: _____, 2010          _____
                                        **JOSE CERVANTEZ**

Dated: _____, 2010          _____
                                        **RUSTY REYES**

Dated: _____, 2010          _____
                                        **GEORGE SANTOS**

Dated: _____, 2010          _____
                                        **MARIA NGUYEN**

Dated: _____, 2010          _____
                                        **MARINA FLORES**

Dated: _May 23_____, 2010            **NICHOLS KASTER LLP**

                                        By: _____
                                            James H. Kaster
                                        Class Counsel for Plaintiffs and Class

[Signatures continued on the next page]

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

CLASS ACTION SETTLEMENT AGREEMENT
AND STIPULATION

1   Dated: MAY 21 , 2010     **ADECCO USA, INC.**

2

3               By: *George Reardon*

4               Its: *Senior VP & General Counsel*

5   Dated: _____ , 2010     **CELESTICA CORPORATION**

6

7               By: _____

8               Its: _____

9

10   Dated: May 24 , 2010     **BRYAN CAVE LLP**

11

12               By: _____

13               Julie E. Patterson
              Counsel for Defendant Adecco USA,

14               Inc.

15   Dated: _____ , 2010     **FOX ROTHSCHILD LLP**

16

17               By: _____

18               Alexander Hernaez
              Counsel for Defendant Celestica
              Corporation

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS442090.2

33

1   Dated: _____, 2010          **ADECCO USA, INC.**

2

3                                         By: _____

4                                         Its: _____

5   Dated: _____, 2010          **CELESTICA CORPORATION**

6

7                                         By: _____

8                                         Its: _____

9

10  Dated: _____, 2010          **BRYAN CAVE LLP**

11

12                                        By: _____

13                                             Julie E. Patterson
                                          Counsel for Defendant Adecco USA,
                                          Inc.

14

15  Dated: __5_/_24_/__2010               **FOX ROTHSCHILD LLP**

16

17                                        By: _____

18                                             Alexander Hernaez
                                          Counsel for Defendant Celestica
                                          Corporation

19

20

21

22

23

24

25

26

27

28

IR01DOCS442090.2

33

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

# Exhibit A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>    vs.<br><br>Celestica Corporation, Adecco USA, Inc., and DOES 1-10 inclusive,<br><br>    Defendants. | Case No. 5:07-cv-00729 VAP (OPx)<br><br>[Assigned for all purposes to the Honorable Virginia A. Phillips]<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND FINAL HEARING** |

**IF YOU ARE A CURRENT OR FORMER NON-EXEMPT EMPLOYEE OF ADECCO USA, INC. ("ADECCO") OR CELESTICA CORPORATION ("CELESTICA"), WHO WAS PAID BY ADECCO, AND WHO, AT ANY TIME FROM JUNE 14, 2003 TO _____ ___, 2010, WORKED AT EITHER CELESTICA'S FACILITY LOCATED AT 13473 SANTA ANA AVENUE, FONTANA, CALIFORNIA, OR AT CELESTICA'S FACILITY LOCATED AT 1392 SARAH PLACE, ONTARIO, CALIFORNIA, YOU COULD GET A PAYMENT RESULTING FROM THE SETTLEMENT OF A CLASS ACTION.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement will provide up to $2,500,000 to pay claims from certain non-exempt employees of Adecco or Celestica, who were paid by Adecco, and who worked at either Celestica's facility located at 13473 Santa Ana Avenue, Fontana, California, or at Celestica's facility located at 1392 Sarah Place, Ontario, California.

- The settlement resolves a lawsuit over whether Adecco and Celestica 1) failed to properly calculate and pay overtime wages; 2) failed to provide meal and rest periods; 3) failed to comply with itemized wage statement provisions; 4) failed to pay timely wages to discharged class members; and 5) violated California Business and Professions Code section 17200.

- Court-appointed lawyers for the employees will ask the Court to award them up to $625,000 as fees and expenses for investigating the facts, litigating the case and negotiating the settlement. This will be paid from the Maximum Settlement Amount.

- The two sides disagree on how much money could have been won if employees won at trial.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

**YOU MAY BE ENTITLED TO A CASH PAYMENT UNDER THIS SETTLEMENT.**

**IF YOU ARE A MEMBER OF THE CLASS, YOU WILL BE BOUND BY THIS SETTLEMENT AND YOUR RIGHTS WILL BE AFFECTED BY THIS LITIGATION UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS AS EXPLAINED BELOW.**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Proof of Claim Form** | The only way to get a payment. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Celestica or Adecco about the legal claims in this case. |
| **Object** | Write to the Court about why you don't like the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

**YOUR RIGHTS AND OPTIONS - AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE.**

### WHY DID YOU RECEIVE THIS NOTICE?

This notice explains the nature of this lawsuit, as well as a proposed settlement of this lawsuit, and informs you of your legal rights under that proposed settlement. You are receiving this notice because you may be a member of a class on whose behalf this class action lawsuit has been brought. The Court has certified two subclasses comprised of:

- All current and former non-exempt employees of Celestica and Adecco, paid by Adecco, who passed through security screening before, during or after their work shift, in Celestica's facility at 13473 Santa Ana Avenue, Fontana, California, from June 14, 2003 to [date of preliminary approval of settlement].

- All current and former non-exempt employees of Celestica and Adecco, paid by Adecco, who worked at Celestica's facilities at 13473 Santa Ana Avenue, Fontana, California and 1392 Sarah Place, Ontario, California, and who, at any time from June 14, 2003 to [date of preliminary approval of settlement], were not provided a meal or rest period to which they were entitled.

The Court has appointed as class counsel Nichols Kaster LLP ("Plaintiffs' Attorneys").

## WHAT IS THIS LAWSUIT ABOUT?

On June 15, 2007, Jose Cervantez filed a Complaint against Adecco and Celestica (collectively, "Defendants"), in the United States District Court for the Central District of California (Eastern Division), Case No. 5:07-cv-00729 VAP (OPx). On July 25, 2007, Cervantez filed a First Amended Complaint, seeking to add Rusty Reyes and George Santos as named plaintiffs, and seeking to represent a class of non-exempt employees of Adecco who worked at Celestica's facilities at 13473 Santa Ana Avenue, Fontana, California and 1392 Sarah Place, Ontario, California during the four years preceding the filing of the original Complaint, and who claim they are entitled to compensation for failure to pay overtime in violation of Labor Code section 510, missed meal periods, missed rest periods, failure to provide accurate itemized wage statements in violation of Labor Code section 226(a), failure to pay wages due upon discharge in violation of Labor Code sections 201 and 202, and violation of Business and Professions Code sections 17200 *et seq.* On March 4, 2008, Plaintiffs filed a Second Amended Complaint, setting forth the same claims as in the First Amended Complaint, and seeking to add Maria Nguyen and Marina Flores as named plaintiffs. On July 30, 2008, the Action was certified as a class action.

Defendants each have denied the allegations in the lawsuit, and continue to deny that they failed to pay overtime in violation of Labor Code section 510, failed to provide meal periods, failed to provide rest periods, failed to provide accurate itemized wage statements in violation of Labor Code section 226(a), failed to pay wages due upon discharge in violation of Labor Code sections 201 and 202, or violated Business and Professions Code sections 17200 *et seq.,* and deny any liability or wrongdoing of any kind associated with any of the claims alleged in the lawsuit.

THE COURT HAS NOT MADE A FINAL RULING ON THE MERITS OF PLAINTIFFS' CLAIMS, DEFENDANTS' DEFENSES, OR THE SUBSTANTIVE CONTENTIONS OF THE PARTIES. NO INFERENCES REGARDING THE MERITS OF THE LITIGATION SHOULD BE DRAWN FROM THE SENDING OF THIS NOTICE. THIS NOTICE IS NOT MEANT TO IMPLY THAT THERE HAS BEEN ANY VIOLATION OF LAW OR WRONGDOING BY ANY PARTY OR THAT A RECOVERY AFTER TRIAL COULD BE HAD IF THE LITIGATION IS NOT SETTLED.

## SUMMARY OF THE SETTLEMENT

### A.    Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Plaintiffs think that they would have prevailed on their claims at a trial. Defendants do not think that Plaintiffs would have won anything from a trial because it has asserted legal and factual defenses to the claims. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the costs, risks, and uncertainty of a trial, and the people affected will get compensation. Plaintiffs and Plaintiffs' Attorneys think the settlement is fair, reasonable and adequate and in the best interests of all members of the Class.

### B.    Who is in the Settlement Class?

Provided they do not opt out of the settlement, as explained below, the following persons would be members of the "Settlement Class."

- All current and former non-exempt employees of Celestica and Adecco, paid by Adecco, who passed through security screening before, during or after their work shift, in Celestica's facility at 13473 Santa Ana Avenue, Fontana, California, during the Class Period, would be part of the "Security Line Subclass."

- All current and former non-exempt employees of Celestica and Adecco, paid by Adecco, who worked at Celestica's facilities at 13473 Santa Ana Avenue, Fontana, California and 1392 Sarah Place, Ontario, California, and who, at any time during the Class Period, were not provided a meal or rest period to which they were entitled would be part of the Meal and "Rest Period Subclass."

The period of time between June 14, 2003 and _____ ___, 2010 is referred to as the "Class Period."

### C.   What does the settlement provide?

Defendants shall pay, or cause to be paid, to each Authorized Claimant cash compensation, less applicable taxes. 85% of the Net Settlement Amount shall be allocated to the Security Line Subclass, while 15% of the Net Settlement Amount shall be allocated to the Meal and Rest Period Subclass. Based on the formulas described below, each Authorized Claimant shall receive a pro rata share of the Net Settlement Amount.

Authorized Claimants in the Security Line Subclass shall receive cash compensation based on the number of qualified shifts worked in this subclass. The per-shift payment for Authorized Claimants in the Security Line Subclass shall be determined by dividing the Net Settlement Amount allocated to this subclass by the total shifts worked by the Security Line Subclass at 13473 Santa Ana Avenue, Fontana, California, during the Class Period. For purposes of determining this per-shift payment, shifts worked from the beginning of the Class Period through August 31, 2007 shall be counted as full shifts, and shifts worked from September 1, 2007 through the end of the Class Period shall be counted as half shifts. Authorized Claimants in the Security Line Subclass will receive a full per-shift payment for each shift worked 13473 Santa Ana Avenue, Fontana, California, from the beginning of the Class Period through August 31, 2007. They will receive half a per-shift payment for each shift worked at this location from September 1, 2007 through the end of the Class Period.

Twenty-five percent (25%) of the Net Settlement Amount allocated to the Meal and Rest Period Subclass shall be allocated to the general meal and rest period claims of Meal and Rest Period Subclass members who worked at the Celestica facility located at 1392 North Sarah Place, Ontario, California. Authorized Claimants who were not provided with a first meal period or a rest period to which they were entitled will receive cash compensation based on the number of shifts worked at this facility. The per-shift payment will be determined by dividing the money allocated to these claims by the total shifts worked by the Meal and Rest Period Subclass at 1392 North Sarah Place, Ontario, California during the Class Period. The individual payments for such Authorized Claimants will be determined by multiplying the per-shift payment by the total of their individual qualifying shifts worked at this facility.

The balance of the Net Settlement Amount allocated to the Meal and Rest Period Subclass will be distributed to Authorized Claimants who worked shifts exceeding 10 hours but whose time

records show no second meal period deduction. The per-shift payment for Authorized Claimants who worked such shifts will be determined by dividing the balance of the Net Settlement Amount allocated to the Meal and Rest Period Subclass by the total number of qualifying shifts exceeding 10 hours worked by the Meal and Rest Period Subclass. The individual payments for such Authorized Claimants will be determined by multiplying the per-shift payment by the total of their individual qualifying shifts exceeding 10 hours.

The amount distributed to the Class, or the "Net Settlement Amount," shall be determined by deducting the amounts allocated to Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, Class Representative Enhancements, Settlement Administration Costs from the total consideration of Two Million Five Hundred Thousand Dollars ($2,500,000). It is estimated that the Net Settlement Amount will be approximately $1,620,000.

Any portion of the Net Settlement Amount which is not initially claimed by Authorized Claimants first shall be applied to satisfy Defendants' FICA, federal and state unemployment, and other employer payroll tax obligations. Any remaining unclaimed Net Settlement Amount shall then be allocated to Authorized Claimants on a pro rata basis for a maximum of three (3) times the Authorized Claimants' per-shift payments. Finally, any unclaimed Net Settlement Amount remaining after the above-described pro rata adjustment shall be donated to a charity mutually designated by the Parties.

50% of the individual Settlement Payment received by each Authorized Claimant will be allocated toward wages, and 50% will be allocated toward interest and penalties. That portion of the Settlement Payment allocated toward wages will be subject to deductions for employment-related taxes and other withholdings. A W-2 form will be issued for this payment. No taxes will be withheld from that portion of the Settlement Payment allocated toward interest and penalties. A form 1099 will be issued for any such payment exceeding $600.00. Any taxes due on the portion of the Settlement Payment that is allocated toward interest and penalties is the responsibility of the individual Authorized Claimant receiving the payment. Settlement Payments will be made only to Authorized Claimants.

To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this Notice was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## D.    Who is an Authorized Claimant?

"Authorized Claimants" will include only those Settlement Class Members who have timely and completely submitted a Proof of Claim Form (attached hereto) that has been reviewed and approved by the Claims Administrator, [_____], consistent with the terms of the settlement. The Settlement Administration Costs are estimated to be Seventy-Five Thousand Dollars ($75,000).

## E.    What is the payment to the Class Representative?

Subject to Court approval, Plaintiffs will be paid "Class Representative Enhancements" in an amount up to Ten Thousand Dollars ($10,000), to be divided evenly between Plaintiffs, for

their service as class representatives, as well as their willingness to accept the risk of paying Defendants' attorney's fees and costs in the event of an unsuccessful outcome.

**F.      How will Plaintiffs' Attorneys be paid?**

Plaintiffs' Attorneys will apply to the Court for an award of reasonable attorneys' fees ("Plaintiffs' Attorneys' Fees") in a total amount up to 25% of $2,500,000 (e.g., $625,000) and reasonable costs ("Plaintiffs' Expenses") in a total amount up to $170,000.  The Court has final authority to decide the amount of fees and costs to be awarded.

**G.      What are you giving up to get a payment or stay in the Class?**

The release of claims, set forth below in section H, describes exactly the legal claims that you will give up if you get settlement benefits.  It will extend to Defendants and their parents, predecessors, all affiliates, subsidiaries, officers, directors, agents, employees, and stockholders.  If you are a member of the Security Line Subclass or Meal and Rest Period Subclass, and you do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into the release of claims and to have released the claims.  If the Settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

**H.      What are the Released Claims?**

For and in consideration of the mutual promises contained herein, Plaintiffs and the Settlement Class Members fully and finally release, as of the Final Settlement Date, the Released Parties from any and all claims asserted or unasserted, known and unknown, that were pled or could have been pled, relating to the factual allegations in the Second Amended Complaint, including without limitation, claims under the California Labor Code or federal, state or local wage and hour laws, including claims for unpaid wages, compensation, overtime pay, purported unlawful deductions or withholdings, civil penalties, interest, liquidated damages, punitive damages, and all related claims for conversion and/or violations of the California Business & Professions Code section 17200.

The Released Claims described in the paragraph above include, and Plaintiffs and each Settlement Class Member do and are hereby deemed to release, without limitation: (i) the causes of action alleged in the Second Amended Complaint, including without limitation, alleged failure to pay overtime in violation of Labor Code section 510, alleged failure to provide meal periods, alleged failure to provide rest periods, alleged failure to provide accurate itemized wage statements in violation of Labor Code section 226(a), alleged failure to pay wages due upon discharge in violation of Labor Code sections 201 and 202, and alleged violation of Business and Professions Code sections 17200 *et seq.*; and (ii) any and all other claims which are based on or relate to the alleged failure to pay overtime, alleged failure to provide meal periods, alleged failure to provide rest periods, alleged failure to provide accurate itemized wage statements, alleged failure to pay wages due upon discharge, and alleged unfair business practices during the Class Period, whether based on California or federal statute, ordinance, regulation, common law, or other source of law, whether such claims are in the nature of wages, compensation, overtime pay, back pay, damages, purported unlawful deductions or withholdings, liquidated damages, penalties, interest, punitive damages, attorneys' fees, costs, expenses, restitution or injunctive relief, whether in contract, tort, or pursuant to a statutory remedy, including, but not limited to, any claims that

were or could have been brought under California Labor Code sections 201, 202, 203, 204, 210, 218, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1194.5, and 1198, the applicable IWC Wage Orders, and all implementing regulations and interpretative guidance or rulings and the like; any claims for conversion of monies claimed to be due and owing to employees; any claims for unfair business practices prohibited by the California Business and Professions Code section 17200, *et seq.* relating in any way to Defendants' alleged failure to pay overtime, alleged failure to provide meal periods, alleged failure to provide rest periods, alleged failure to provide accurate itemized wage statements, alleged failure to pay wages due upon discharge, and alleged unfair business practices during the Class Period, and any related claims for accounting, declaratory relief and injunctive relief.

The Settlement Class Members, with respect to the claims released above, shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of section 1542 of the California Civil Code, that provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## THE SETTLEMENT HEARING

The Court will conduct a final fairness hearing regarding the proposed settlement (the "Final Settlement Hearing") on _____, 2010, at _____ .m., at the United States District Court for the Central District of California, Courtroom 2 at 3470 Twelfth Street, Riverside, California 92501. At the Final Settlement Hearing, the Court will hear all properly filed objections, as well as arguments for and against the proposed settlement. You have a right to attend this hearing, <u>but you are not required to do so.</u> You also have the right to hire an attorney to represent you, or to enter an appearance and represent yourself.

The Court has reserved the right to adjourn the Final Settlement Hearing to consider any issue, without further notice of any kind.

## WHAT ARE YOUR OPTIONS?

**OPTION 1 – *REMAIN A CLASS MEMBER AND FILE THE ATTACHED PROOF OF CLAIM FORM.* IF YOU WISH TO REMAIN A CLASS MEMBER AND OBTAIN ANY SHARE OF THE SETTLEMENT THAT YOU MAY BE ENTITLED TO RECEIVE, THEN YOU MUST SUBMIT A TIMELY AND VALID PROOF OF CLAIM FORM. A PROOF OF CLAIM FORM IS ATTACHED FOR YOU TO USE. <u>YOU ARE NEVER REQUIRED TO GO TO COURT OR PAY ANYTHING TO THE LAWYERS IN THIS CASE.</u>** If you file a timely and valid Proof of Claim Form and the Court approves the proposed settlement, you will be mailed your share of the settlement proceeds. If the Court does not approve the settlement, the lawsuit will continue, and you may or may not be designated a Class Member at a later time. Your claim form must be postmarked on or before _____, 2010 and sent via regular mail to: Adecco/Celestica Claims Administrator, [_____ ], _____ (the "Claims Administrator"). Proof of Claim Forms postmarked after this date will be of no force

and effect. If you lose, misplace, or need another Proof of Claim Form, you may contact the Plaintiffs' Attorneys or the Claims Administrator to obtain a new form.

**OPTION 2 – *REMAIN A CLASS MEMBER AND OBJECT TO THE SETTLEMENT.*** If you wish to remain a Class Member, but you object to the proposed settlement (or any of its terms) and wish the Court to consider your objection at the Final Settlement Hearing, you must put your objection in writing. Your written objection must contain the name of the case and the case number (which are shown at the top of this Notice), your name and address, your reason or reasons for objection, and an indication that you wish to appear and be heard at the Final Settlement Hearing. To object, you must file the written objection and Notice of Intent to Appear at the Final Settlement Hearing with the Clerk's Office, United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, and send copies to counsel for the parties:

**Plaintiffs' Counsel:**
James H. Kaster
Matthew C. Helland
NICHOLS KASTER LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111

**Adecco's Counsel:**
Julie E. Patterson
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414

**Celestica's Counsel:**
Alexander Hernaez
Fox Rothschild LLP
235 Pine Street, Suite 1500
San Francisco, California 94104

To be valid and effective, any objections to approval of the settlement or Notice of Intention to Appear must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than _____. DO NOT CONTACT THE COURT. Any Class Member who fails to object to the proposed settlement as described above will lose the right to object to it.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST TIMELY FILE YOUR PROOF OF CLAIM FORM AS STATED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE ANY OBJECTIONS, AND YOU DO NOT HAVE A PROOF OF CLAIM FORM ON FILE, YOU WILL NOT RECEIVE A SETTLEMENT PAYMENT.**

**OPTION 3 – *EXCLUDE YOURSELF FROM THE CLASS.*** You have a right to exclude yourself ("opt out") from the class, but if you choose to do so, you will <u>not receive any benefits from the proposed settlement</u>. You will not be bound by a judgment in this case and you will have

the right to file your own lawsuit against Defendants and pursue your own claims in a separate suit. If you want to exclude yourself from the Class, you must notify the Court and all counsel by completing and signing the Request for Exclusion Form, which is included with this Notice, and sending the Request for Exclusion Form to: Adecco/Celestica Claims Administrator, [_____], _____. Your Request for Exclusion must be postmarked on or before _____. Any Request for Exclusion Form post-marked after this date shall be of no force and effect. Any Class Member who files a complete and timely Request for Exclusion Form shall, upon receipt, no longer be a member of the Settlement Class, shall be barred from participating in any portion of the settlement, and shall receive no benefits from the settlement. Any such person, at their own expense, may pursue any claims he/she may have against Defendants.

**DO NOT SUBMIT BOTH THE PROOF OF CLAIM FORM AND REQUEST FOR EXCLUSION FORM. IF YOU SUBMIT BOTH, THE REQUEST FOR EXCLUSION FORM WILL BE INVALID, YOU WILL BE INCLUDED IN THE SETTLEMENT CLASS, AND YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT.**

**OPTION 4 – *DO NOTHING.*** If you neither file a Claim Form (Option 1), nor object to the settlement (Option 2), nor exclude yourself from the settlement (Option 3), then by default you will remain a Class Member and be bound by the Court's judgment in this case; however, you will not receive any money from this settlement because you did not file a timely and valid Proof of Claim Form.

### ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

If you wish to learn more about this lawsuit and settlement, including the precise terms and conditions of the settlement as set forth in the detailed Class Action Settlement Agreement and Stipulation, you may review the pleadings, the orders entered by the Court, and other papers filed in this litigation, at the United States District Court for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, California 92501, during its regular business hours each business day.

**ALL INQUIRIES REGARDING THIS LITIGATION SHOULD BE MADE TO PLAINTIFFS' ATTORNEYS:** James H. Kaster and Matthew C. Helland of Nichols Kaster LLP, One Embarcadero Center, Suite 720, San Francisco, California 94111.

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS' COUNSEL FOR INFORMATION.**

> Hon. Virginia A. Phillips
> United States District Court Judge

# Exhibit B

# PROOF OF CLAIM FORM

**Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores v. Celestica Corporation, Adecco USA, Inc., Case No. 5:07-cv-00729 VAP (OPx)**

**YOU MUST <u>COMPLETE</u>, <u>SIGN</u>, AND <u>MAIL</u> THIS PROOF OF CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

<div style="border:1px solid black">

**MAIL TO:**
**Adecco/Cervantez Claims Administrator**
**[Insert Address]**

</div>

**IF YOU DO NOT TIMELY SUBMIT THIS PROOF OF CLAIM FORM FULLY AND ACCURATELY COMPLETED, OR DO NOT SUBMIT A REQUEST FOR EXCLUSION FORM, YOU WILL RECEIVE NOTHING, BUT NEVERTHELESS WILL BE PART OF THE SETTLEMENT CLASS AND BE BOUND BY THE RELEASE OF CLAIMS PROVIDED BY THE SETTLEMENT CLASS AND THE OTHER SETTLEMENT TERMS.**

*[PREPRINTED NAME AND ADDRESS]*

If you have a different address than printed above, please type or print your current address:

_____
Street Address

_____
City                                  State              Zip Code

## ANSWER THE FOLLOWING QUESTIONS

1.  I worked at Celestica's facility located at 13473 Santa Ana Avenue, Fontana, California and passed through security screening before, during or after my work shift between June 1, 2003 and _____ (the "Class Period").

_____Yes ____ No

2.  I worked at Celestica's facility located at 13473 Santa Ana Avenue, Fontana, California or Celestica's facility at 1392 Sarah Place, Ontario, CA and had a shortened or missed meal or rest period to which I was entitled during the Class Period.

_____Yes ____ No

IR01DOCS\441382.2

My signature below constitutes my agreement that I was employed by Adecco or Celestica as a non-exempt employee, and paid by Adecco, and that I have truthfully answered the questions above.

I have received and reviewed the Notice of Pendency of Class Action, Proposed Settlement and Final Hearing ("Notice"), and I submit this Proof of Claim Form under the terms of the settlement described in the Notice. I consent to the personal and exclusive jurisdiction of the United States District Court for the Central District of California with respect to the lawsuit and my claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release of claims stated in the settlement regardless of my residence. I further acknowledge that I am bound by the terms of any court judgment that may be entered in this class action. I agree to furnish additional information to support this claim if required to do so.

I understand that Adecco and Celestica will not use the settlement payment to calculate any additional benefits including vacation, holiday pay or 401(k) plan contributions, and that Adecco and Celestica will not consider the settlement payment as compensation or credited hours of service for purposes of determining eligibility for, or benefit accrual within, any employee retirement savings or employee welfare benefit plan sponsored by Adecco and Celestica or either of their predecessors, subsidiaries or successors. Adecco and Celestica will not retaliate against any person who submits a Proof of Claim Form in connection with this settlement.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

_____          _____
[inserted name]                                              (Date)

2

# Exhibit C

## REQUEST FOR EXCLUSION FORM

Complete this form if you wish to exclude yourself from the Class and from the settlement of the certified class action lawsuit captioned *Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores v. Celestica Corporation; Adecco USA, Inc.*, United States District Court, Central District of California Case No. 5:07-cv-00729 VAP (OPx) (the "Action"). **IF YOU FILE THIS FORM, DO NOT FILE A PROOF OF CLAIM FORM.**

### IF YOU WANT TO EXCLUDE YOURSELF FROM THE CLASS AND THE SETTLEMENT, YOU MUST COMPLETE THIS EXCLUSION FORM AND MAIL IT BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____TO:

Adecco/Celestica Claims Administrator
[Insert Address]

Please print the name, address and telephone number of the Class Member below.

Name: _____

Street Address: _____

City, State, Zip: _____

Residence Telephone: ( ) _____

I have received the Notice of Pendency of Class Action, Proposed Settlement and Final Hearing ("Notice"), dated _____, and I do **NOT** wish to remain a member of the Class certified in the above-referenced class action or to participate in the settlement thereof.

I understand that by signing and mailing this Exclusion Form:

- I will **not** receive any of the monetary benefits of the proposed settlement as described in the Notice;

- I will not be represented in the Action as a Class Member;

- I may pursue, at my own expense, whatever claims I may have against Celestica Corporation and Adecco USA, Inc. I understand that I will have to prove any such claims, and that any such claims would be subject to any defenses that either Celestica Corporation or Adecco USA, Inc. may have.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing information is true and accurate. Executed this ____ day of _____[month], ____ [year] at _____ [city], _____ [state].

_____
Signature of Class Member

# Exhibit D

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. 5:07-cv-00729 VAP (OPx) |
| **Plaintiffs,** | [Assigned for all purposes to the Honorable Virginia A. Phillips] |
| vs. | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Celestica Corporation, Adecco USA, Inc., and DOES 1-10 inclusive, | |
| **Defendants.** | |

On _____, the **Court**[1] held a hearing to determine whether to authorize the issuance of notice to class members and to schedule a final settlement hearing. James A. Kaster and Matthew C. Helland of Nichols Kaster LLP appeared for **Plaintiffs** Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, Marina Flores and the Class. Julie E. Patterson of Bryan Cave LLP appeared for Defendant **Adecco**. Alexander Hernaez of Fox Rothschild LLP appeared for Defendant **Celestica**. After reviewing the **Stipulation**, including Exhibits A through E

---

[1] The definitions for all capitalized, bold terms can be found in the Class Action Settlement Agreement and referred to herein as the "**Stipulation**."

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

IR01DOCS/441384

1   attached thereto, the Motion for Preliminary Approval of Class Action Settlement,

2   and supporting memorandum of points and authorities and declarations and the

3   presentations of counsel,

4          IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

5          1.      The **Stipulation**, including the definitions applicable to the

6   **Stipulation**, is incorporated by reference into this Order.

7          2.      The terms and conditions of the proposed settlement between **Plaintiffs**

8   Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores,

9   and **Defendants Celestica** and **Adecco** appear to be fair, reasonable, and adequate;

10  the **Stipulation** and the Exhibits thereto are preliminarily approved pending the

11  **Final Settlement Hearing** as provided herein; and the proposed settlement shall be

12  submitted to the **Class Members**.

13         3.      The **Court** finds that (i) the proposed **Settlement** resulted from arm's-

14  length negotiations and was the result of two full-day mediation sessions before an

15  impartial, respected and experienced mediator; (ii) the proposed **Settlement** was

16  concluded only after counsel for both parties had conducted adequate discovery and

17  investigation; and (iii) the terms of the proposed **Settlement** as evidenced by the

18  **Stipulation** are sufficiently fair, reasonable and adequate to warrant sending the

19  **Notice** in the form attached as Exhibit A to the **Stipulation** to the **Class Members**

20  and holding a full hearing on the proposed **Settlement**.

21         4.      The **Final Settlement Hearing** shall be held in this Courtroom at

22  _____ a.m./p.m. on _____, to determine final approval of the

23  **Settlement**, including:  (i) whether the proposed settlement should be given final

24  approval as fair, reasonable and adequate and in the best interests of each of the

25  **Parties** and the **Class Members**; (ii) whether a final judgment should be entered as

26  required by the **Stipulation** and Exhibit E thereto; (iv) whether the **Class Members**

27  should be bound by the Release of Claims set forth in the **Stipulation**; (v) whether a

28  **Class Representative Enhancement** award should be made to **Plaintiffs** as set

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

1   forth in Part III.H. of the **Stipulation**; (vi) the amount of **Plaintiffs' Attorneys'**

2   award of **Plaintiffs' Attorneys' Fees** not to exceed 25% of $2,500,000 (i.e.,

3   $625,000) and **Plaintiffs' Expenses** not to exceed $170,000; and (vii) any other

4   matter that may be relevant to the **Settlement**. The **Final Settlement Hearing** is

5   subject to continuation or adjournment by the Court without further notice.

6        5.     The **Court** approves the **Notice**, Proof of Claim Form, and Request for

7   Exclusion Form, which are attached as Exhibits A, B, and C to the **Stipulation**.

8        6.     The **Court** approves the appointment of [             ] as the **Claims**

9   **Administrator** to attend to mailings of the **Notice** to potential **Class Members**, and

10   administration of this settlement.

11        7.     In accordance with Part III.D.2. of the **Stipulation**, within ten (10)

12   business days after the **Preliminary Approval Date**, Adecco shall provide the

13   **Claims Administrator** with the names, most current mailing addresses, total

14   number of shifts worked during the **Class Period**, and Social Security numbers for

15   the **Class** from **Adecco**'s records.

16        8.     In accordance with Part III.D.3. of the **Stipulation**, within fourteen (14)

17   **Days** of receipt of the mailing address information, the **Claims Administrator**

18   shall, using the information provided by **Adecco,** along with any updated

19   information obtained from the **Plaintiffs' Attorneys** or the National Change of

20   Address database which the **Claims Administrator** shall use to confirm mailing

21   information, mail the **Notice** to all identified **Class Members** by first-class, regular

22   U.S. Mail to the most recent address known for each **Class Member.** Attached to

23   the **Notice** will be a Proof of Claim Form and Request for Exclusion Form, in the

24   form attached to the **Stipulation** as Exhibits B and C respectively, and as approved

25   by the **Court**. Starting thirty (30) **Days** after mailing the **Notice** to **Class Members**,

26   and continuing until ten (10) **Days** before the deadline for **Class Members** to return

27   a Proof of Claim Form,  the **Claims Administrator** will perform an address trace on

28   any mail returned undeliverable.  If the address trace reveals an alternative possible

1   address, the **Claims Administrator** will remail each undeliverable notice to the one

2   (1) most likely alternate address. Upon completion of these steps by the **Claims**

3   **Administrator,** the **Parties** shall be deemed to have satisfied their obligation to

4   provide the **Notice** to the **Class.**

5        9.     The **Court** finds that mailing of the **Notice** as provided for in this Order

6   and the **Stipulation** constitutes the best notice practicable under the circumstances,

7   constitutes due and sufficient notice of the matters set forth therein to all persons

8   entitled to receive notice, and fully and satisfactorily advises potential **Class**

9   **Members** of their rights to object to or to exclude themselves from the proposed

10  settlement.

11       10.    The **Court** approves the claim submittal and review process as required

12  by the **Stipulation.** Any **Class Member** who wishes to receive a **Settlement**

13  **Payment** must timely submit a properly completed and signed Proof of Claim

14  Form, on or before _____, and must satisfy all of the requirements set

15  forth in Parts III.F.1. and III.F.2. of the **Stipulation.** Deficient or untimely Proof of

16  Claim Forms will be handled in accordance with Parts III.F.2. and III.F.3. of the

17  **Stipulation.**

18       11.    **Class Members** who wish to exclude themselves from the **Class** must

19  submit a Request for Exclusion Form to the **Claims Administrator** postmarked by

20  the **Objection/Exclusion Deadline Date.** In order to be properly excluded from the

21  **Class,** the **Class Member** must satisfy all of the requirements set forth in Part

22  III.E.2. of the **Stipulation.** All **Class Members** who do not submit a timely Request

23  for Exclusion Form shall be bound by any final order and judgment, regardless of

24  whether or not they chose to submit a Proof of Claim Form, and, as a result, they

25  shall be barred from asserting any claims against the **Released Parties** arising from

26  the **Settlement Class Released Claims,** and they shall be conclusively deemed to

27  have released any and all such claims. Any **Class Member** who timely submits a

28  Request for Exclusion Form will not receive a **Settlement Payment.**

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

12. The **Court** will also consider objections to the proposed settlement at the **Final Settlement Hearing**. **Class Members** who wish to object to the proposed settlement must serve and file written objections and a written notice of intention to appear at the **Final Settlement Hearing** in the form and manner required by the **Stipulation**. Such written notice of intention to appear and objections must be filed with the **Court** and served on the **Parties'** counsel by the **Objection/Exclusion Deadline Date**. **Class Members** who fail to file and serve timely written objections and notice of intention to appear and object in the manner specified in the **Stipulation** shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the **Settlement**. No later than thirty (30) **Days** before the **Final Settlement Hearing,** counsel for the **Parties** shall serve on opposing counsel all written objections to the **Settlement** and/or notices of intention to appear and object that have been received.

13. No later than thirty (30) **Days** before the **Final Settlement Hearing**, the **Claims Administrator** shall provide the **Parties** with a complete, accurate and verified list of all **Class Members** who have timely requested exclusions from the **Settlement Class**.

14. **Plaintiffs** and **Plaintiffs' Attorneys** shall file all appropriate documents in support of their request for final approval on or before

_____.

15. This Order shall become null and void, and shall be without prejudice to the rights of the **Parties**, all of whom are restored to their respective positions existing immediately before this **Court** entered this Order, if: (i) the proposed **Settlement** is not finally approved by the **Court**, or does not become final, pursuant to the terms of the **Stipulation**; or (ii) the proposed **Settlement** is terminated in accordance with the **Stipulation** or does not become effective under the terms of the **Stipulation** for any other reason.

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

IR01DOCS/441384

5

1    In such event, (i) the proposed **Settlement** and **Stipulation** shall become null

2 and void and be of no further force and effect, and all negotiations, proceedings,

3 documents prepared, and statements made in connection therewith shall be without

4 prejudice to the parties, shall not be deemed or construed to be an admission or

5 confession by the parties of any fact, matter, or proposition of law, and shall not be

6 used in any manner for any purpose, and all parties to the **Action** shall stand in the

7 same position as if the **Stipulation** had not been negotiated, made, or filed with the

8 **Court**; and (ii) this Order shall be of no force or effect and shall not be construed or

9 used as an admission, concession or declaration by or against **Defendants** of any

10 fault, wrongdoing, breach or liability, or used to support the certification of any

11 class, nor shall the Order be construed or used as an admission, concession or

12 declaration by or against **Plaintiffs** or the **Class Members** that their claims lack

13 merit or that the relief requested in the **Action** is inappropriate, improper or

14 unavailable, or as a waiver by any party of any defenses or claims he, she or it may

15 have.

16    16.    The **Parties** are hereby authorized, without needing further approval

17 from the **Court**, to adopt such amendments and/or modifications of the **Stipulation**

18 as are not materially inconsistent with the terms and conditions of the proposed

19 settlement or this Order and do not limit or impair the rights of **Class Members**

20 under the proposed settlement.

21    17.    The **Action** is stayed and all trial and related pre-trial dates are vacated,

22 and **Plaintiffs** and the **Class Members** are hereby enjoined from further prosecuting

23 the **Action**, subject to further orders of the Court at the **Final Settlement Hearing**.

24

25    IT IS SO ORDERED.

26 Dated: _____    _____

27    Hon. Virginia A. Phillips
   United States District Court Judge

28

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

# Exhibit E

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>        vs.<br><br>Celestica Corporation, Adecco USA, Inc., and DOES 1-10 inclusive,<br><br>        Defendants. | Case No. 5:07-cv-00729 VAP (OPx)<br><br>[Assigned for all purposes to the Honorable Virginia A. Phillips]<br><br>**[PROPOSED] FINAL JUDGMENT** |

## [PROPOSED] FINAL ORDER AND JUDGMENT

**A.**     On April 1, 2010, the **Parties**[1] to this class action reached a tentative **Settlement** and they advised the **Court** of the **Settlement** on _____, 2010. Subsequently, the **Parties** submitted a detailed written **Stipulation** with attached Exhibits A through E. On _____, 2010, the **Court** preliminarily approved the proposed **Settlement**. The **Court** directed the **Parties** to provide notice of the proposed **Settlement** to the **Class Members** and scheduled a further hearing to

---

[1] The definitions for all capitalized, bold terms can be found in the Class Action Settlement Agreement and Stipulation referred to herein as the "**Stipulation**."

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

1  determine whether the proposed **Settlement** and request for **Plaintiffs' Attorneys'**
2  **Fees** and **Plaintiffs' Expenses** are fair, reasonable, and adequate.

3      **B.**    On _____, 2010, the **Court** held the **Final Settlement Hearing** to
4  determine: (i) whether the proposed **Settlement** should be given final approval as
5  fair, reasonable and adequate and in the best interests of each of the **Parties** and the
6  **Class Members**; (ii) whether a final judgment should be entered as required by the
7  **Stipulation** and Exhibit E thereto; (iii) whether the **Class Members** should be
8  bound by the release of claims set forth in the **Stipulation**; (iv) whether a **Class**
9  **Representative Enhancement** award should be made to **Plaintiffs** as set forth in
10  Part III.H. of the **Stipulation**; (v) the amount of **Plaintiffs' Attorneys'** award of
11  **Plaintiffs' Attorneys' Fees** not to exceed 25% of $2,500,000 (i.e., $625,000) and
12  **Plaintiffs' Expenses** not to exceed $170,000; and (vi) any other matter that may be
13  relevant to the **Settlement**. James A. Kaster and Matthew C. Helland of Nichols
14  Kaster LLP appeared for **Plaintiffs** Jose Cervantez, Rusty Reyes, George Santos,
15  Maria Nguyen, Marina Flores and the Class. Julie E. Patterson of Bryan Cave LLP
16  appeared for Defendant **Adecco**. Alexander Hernaez of Fox Rothschild LLP
17  appeared for Defendant **Celestica**.

18      **C.**    \_\_\_\_\_ putative class members timely requested exclusion from the
19  **Settlement Class** and \_\_\_\_\_ objections were filed with respect to the proposed
20  **Settlement**.

21      **D.**    After reviewing the pleadings and evidence filed in support of the
22  request for final approval of the **Settlement** and the requests for awards of
23  **Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses** and the **Class Representative**
24  **Enhancement**, and hearing the attorneys for the **Parties**, the **Court** finds, and

25      IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

26      **1.**    The **Court** has personal jurisdiction over all **Class Members** and
27  **Defendants**, and the **Court** has subject matter jurisdiction to approve the
28  **Stipulation** (including all Exhibits thereto).

[PROPOSED] FINAL JUDGMENT

1    **2.**    The **Stipulation**, including the definitions applicable to the

2    **Stipulation**, is incorporated by reference into this **Final Judgment**.

3    **3.**    The **Court** finds that the **Stipulation** and proposed **Settlement** were

4    reached after arm's-length negotiations between the **Parties**, including two full-day

5    mediation sessions before an impartial, respected and experienced mediator; (ii) the

6    proposed **Settlement** was concluded only after counsel for the **Parties** had

7    conducted adequate discovery and investigation; and the **Settlement** of the **Action,**

8    as embodied in the terms of the **Stipulation,** is finally approved as fair, reasonable,

9    adequate and consistent and in compliance with all applicable requirements of the

10    Federal Rules of Civil Procedure, the California and United States Constitutions

11    (including the due process clauses), the Central District Local Rules and any other

12    applicable law, and is in the best interests of the **Parties** and the **Class Members**.

13    **4.**    The **Court** appoints Jose Cervantez, Rusty Reyes, George Santos,

14    Maria Nguyen, and Marina Flores as Class Representatives.

15    **5.**    The **Court** appoints [_____] as Claims Administrator.

16    **6.**    The **Parties** and their counsel are ordered to implement and to

17    consummate the **Stipulation** according to its terms and provisions.

18    **7.**    The **Notice** and the notice methodology implemented pursuant to the

19    **Stipulation** (i) constituted the best practicable notice; (ii) constituted notice that was

20    reasonably calculated, under the circumstances, to apprise **Class Members** of the

21    pendency of the **Action**, their right to object to or exclude themselves from the

22    proposed **Settlement** and their right to appear at the **Final Settlement Hearing**; (iii)

23    were reasonable and constituted due, adequate and sufficient notice to all persons

24    entitled to receive notice; and (iv) met all applicable requirements of the Federal

25    Rules of Civil Procedure, the California and United States Constitutions (including

26    the Due Process Clause), the Central District Local Rules and any other applicable

27    law.

28

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

[PROPOSED] FINAL JUDGMENT

1    **8.**    The **Action** is dismissed with prejudice, without an award of fees, costs

2  or expenses to any party except as provided in the **Stipulation**.

3    **9.**    The terms of the **Stipulation** and this **Final Judgment** are binding on

4  **Plaintiffs** and all other **Class Members**, except those who timely and properly filed

5  Request for Exclusion Forms and whose names are listed as Attachment 1 to the

6  Declaration of the **Claims Administrator** filed on_____, as well as

7  their heirs, executors and administrators, successors and assigns, and those terms

8  shall have *res judicata*, collateral estoppel and all other preclusive effect in all

9  pending and future claims, lawsuits or other proceedings, including all forms of

10  alternative dispute resolution, maintained by or on behalf of any such persons, to the

11  extent those claims, lawsuits or other proceedings involve matters that were or could

12  have been raised in this **Action** or are otherwise encompassed by the **Stipulation.**

13    **10.**    Pursuant to Part III.B. of the **Stipulation, Plaintiffs** and all **Settlement**

14  **Class Members** are deemed to have conclusively released all rights, claims,

15  complaints or causes of action against **Defendants**, including **Defendants'** parents,

16  predecessors, all affiliates, subsidiaries, officers, directors, agents, employees, and

17  stockholders, arising out of, based upon or otherwise related to the **Settlement Class**

18  **Released Claims**, and forever discharging **Defendants** and the **Released Parties**

19  from all such rights, claims, complaints or causes of action.  Such release of claims

20  is effective as of _____.

21    **11.**    **Plaintiffs** and all **Class Members** and any person or entity acting on

22  their behalf, except those whose names are listed on Attachment 1 to the Declaration

23  of the **Claims Administrator**, are permanently barred and enjoined from (i) filing,

24  commencing, prosecuting, intervening in, participating in (as class members or

25  otherwise), or receiving any benefits or other relief from, any other lawsuit, in any

26  state or federal court, arbitration, or administrative, regulatory or other proceeding

27  or order in any jurisdiction based on or relating to the claims and causes of action, or

28  the facts and circumstances relating thereto, asserted in the **Action** or otherwise

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

1    related to the **Settlement Class Released Claims;** and (ii) organizing such

2    nonexcluded **Class Members** into a separate class for purposes of pursuing as a

3    purported class action (including by seeking to amend a pending complaint to

4    include class allegations, or by seeking class certification in a pending action) any

5    lawsuit based on or relating to the claims and causes of action, or the facts and

6    circumstances relating thereto, in this **Action**.

7       **12.**    The **Parties** are authorized, without further approval from the **Court**, to

8    agree to and to adopt such amendments, modifications and expansions of the

9    **Stipulation** and all exhibits attached thereto which (i) are consistent with this **Final**

10    **Judgment**, and (ii) do not limit the rights of **Class Members** under the **Stipulation**.

11       **13.**    The **Court** grants a **Class Representative Enhancement** award of

12    $_____, to be divided evenly between Jose Cervantez, Rusty Reyes, George

13    Santos, Maria Nguyen, and Marina Flores. This request is justified in light of the

14    following facts: (1) **Plaintiffs** spent numerous hours conferring with the **Plaintiffs'**

15    **Attorneys**, reviewing documents, preparing for and providing deposition testimony,

16    interviewing witnesses, gathering evidence, formulating discovery requests and

17    responding to discovery; (2) **Plaintiffs'** efforts resulted in a favorable result for the

18    class; and (3) **Defendants** do not oppose the request. The **Class Representative**

19    **Enhancement** will be paid to **Plaintiffs** in accordance with the terms of the

20    **Stipulation**.

21       **14.**    The **Court** grants **Plaintiffs' Attorneys'** request for an award of

22    **Plaintiffs' Attorneys' Fees** in the amount of $_____ and **Plaintiffs'**

23    **Expenses** in the amount of $_____. **Plaintiffs' Attorneys'** request for an

24    award of reasonable attorneys' fees and costs is justified in light of the following

25    facts: (1) **Plaintiffs' Attorneys** vigorously prosecuted this case and achieved a

26    favorable result for the class; (2) the legal issues were novel and complex; and (3)

27    **Defendants** do not oppose the request. The attorneys' fees and costs shall be paid

28    by **Defendants** in accordance with the terms of the **Stipulation**.

1   **15.**   The **Court** approves payment of the **Settlement Administration Costs**

2   to the **Claims Administrator** in the amount of $_____.

3   **16.**   Without affecting the finality of the **Final Judgment**, the **Court** shall

4   retain continuing jurisdiction over the **Action**, and the **Parties** and **Settlement**

5   **Class**, and the administration and enforcement of the **Settlement**.  Any disputes or

6   controversies arising with respect to the enforcement or implementation of the

7   **Settlement** shall be presented by motion to the **Court**; provided however, that

8   nothing in this paragraph shall restrict the ability of the **Parties** to exercise their

9   rights hereunder.

10   IT IS SO ORDERED.

11

12   Dated: _____   _____

13   Hon. Virginia A. Phillips
     United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612