ENTERED JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. EDCV 07-00729 VAP (OPx) |
| Plaintiffs, | [Assigned for all purposes to the Honorable Virginia A. Phillips] |
| vs. | **FINAL JUDGMENT** |
| Celestica Corporation, Adecco USA, Inc., and DOES 1-10 inclusive, | |
| Defendants. | |

**FINAL ORDER AND JUDGMENT**

**A.**     In May 2010 the **Parties**[1] to this class action reached a **Settlement**. They moved for preliminary approval of that settlement, submitting a detailed written **Stipulation** with attached Exhibits A through E. On July 6, 2010, the **Court** preliminarily approved the proposed **Settlement**. The **Court** directed the **Parties** to provide notice of the proposed **Settlement** to the **Class Members** and scheduled a further hearing to determine whether the proposed **Settlement** and request for

---

[1] The definitions for all capitalized, bold terms can be found in the Class Action Settlement Agreement and Stipulation referred to herein as the "**Stipulation**."

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

IR01DOCS/442123

1   **Plaintiffs' Attorneys' Fees** and **Plaintiffs' Expenses** are fair, reasonable, and

2   adequate.

3        **B.**    On October 28, 2010, the **Court** held the **Final Settlement Hearing** to

4   determine: (i) whether the proposed **Settlement** should be given final approval as

5   fair, reasonable and adequate and in the best interests of each of the **Parties** and the

6   **Class Members**; (ii) whether a final judgment should be entered as required by the

7   **Stipulation** and Exhibit E thereto; (iii) whether the **Class Members** should be

8   bound by the release of claims set forth in the **Stipulation**; (iv) whether a **Class**

9   **Representative Enhancement** award should be made to **Plaintiffs** as set forth in

10  Part III.H. of the **Stipulation**; (v) the amount of **Plaintiffs' Attorneys'** award of

11  **Plaintiffs' Attorneys' Fees** not to exceed 25% of $2,500,000 (i.e., $625,000) and

12  **Plaintiffs' Expenses** not to exceed $170,000; and (vi) any other matter that may be

13  relevant to the **Settlement**.  James A. Kaster and Matthew C. Helland of Nichols

14  Kaster LLP appeared for **Plaintiffs** Jose Cervantez, Rusty Reyes, George Santos,

15  Maria Nguyen, Marina Flores and the Class.  Alexander Hernaez of Fox Rothschild

16  LLP appeared for Defendants.

17       **C.**    Twenty-two (22) putative class members timely requested exclusion

18  from the **Settlement Class** and no objections were filed with respect to the proposed

19  **Settlement**.

20       **D.**    After reviewing the pleadings and evidence filed in support of the

21  request for final approval of the **Settlement** and the requests for awards of

22  **Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses** and the **Class Representative**

23  **Enhancement**, and hearing the attorneys for the **Parties**, the **Court** finds, and

24      IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

25      **1.**    The **Court** has personal jurisdiction over all **Class Members** and

26  **Defendants**, and the **Court** has subject matter jurisdiction to approve the

27  **Stipulation** (including all Exhibits thereto).

28

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

2.     The **Stipulation**, including the definitions applicable to the **Stipulation**, is incorporated by reference into this **Final Judgment**.

3.     The **Court** finds that the **Stipulation** and proposed **Settlement** were reached after arm's-length negotiations between the **Parties**, including two full-day mediation sessions before an impartial, respected and experienced mediator; the proposed **Settlement** was concluded only after counsel for the **Parties** had conducted adequate discovery and investigation; and the **Settlement** of the **Action,** as embodied in the terms of the **Stipulation,** is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the due process clauses), the Central District Local Rules and any other applicable law, and is in the best interests of the **Parties** and the **Class Members**.

4.     The **Court** appoints Jose Cervantez, Rusty Reyes, George Santos, Maria Nguyen, and Marina Flores as Class Representatives.

5.     The **Court** appoints Settlement Services, Inc. as Claims Administrator.

6.     The **Parties** and their counsel are ordered to implement and to consummate the **Stipulation** according to its terms and provisions.

7.     The **Notice** and the notice methodology implemented pursuant to the **Stipulation** (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise **Class Members** of the pendency of the **Action**, their right to object to or exclude themselves from the proposed **Settlement** and their right to appear at the **Final Settlement Hearing**; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the Due Process Clause), the Central District Local Rules and any other applicable law.

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

1    **8.**    The **Action** is dismissed with prejudice, without an award of fees, costs

2    or expenses to any party except as provided in the **Stipulation**.

3    **9.**    The terms of the **Stipulation** and this **Final Judgment** are binding on

4    **Plaintiffs** and all other **Class Members**, except those who timely and properly filed

5    Request for Exclusion Forms and whose names are listed as Exhibit 6 to the

6    Declaration of Matthew Helland filed on October 21, 2010, as well as their heirs,

7    executors and administrators, successors and assigns, and those terms shall have *res*

8    *judicata*, collateral estoppel and all other preclusive effect in all pending and future

9    claims, lawsuits or other proceedings, including all forms of alternative dispute

10   resolution, maintained by or on behalf of any such persons, to the extent those

11   claims, lawsuits or other proceedings involve matters that were or could have been

12   raised in this **Action** or are otherwise encompassed by the **Stipulation.**

13   **10.**    Pursuant to Part III.B. of the **Stipulation**, **Plaintiffs** and all **Settlement**

14   **Class Members** are deemed to have conclusively released all rights, claims,

15   complaints or causes of action against **Defendants**, including **Defendants'** parents,

16   predecessors, all affiliates, subsidiaries, officers, directors, agents, employees, and

17   stockholders, arising out of, based upon or otherwise related to the **Settlement Class**

18   **Released Claims**, and forever discharging **Defendants** and the **Released Parties**

19   from all such rights, claims, complaints or causes of action.  Such release of claims

20   is effective as of July 6, 2010.

21   **11.**    The **Parties** are authorized, without further approval from the **Court**, to

22   agree to and to adopt such amendments, modifications and expansions of the

23   **Stipulation** and all exhibits attached thereto which (i) are consistent with this **Final**

24   **Judgment**, and (ii) do not limit the rights of **Class Members** under the **Stipulation.**

25   **12.**    The **Court** grants a **Class Representative Enhancement** award of

26   $10,000.00, to be divided evenly between Jose Cervantez, Rusty Reyes, George

27   Santos, Maria Nguyen, and Marina Flores.  This request is justified in light of the

28   following facts:  (1) **Plaintiffs** spent numerous hours conferring with the **Plaintiffs'**

1    **Attorneys**, reviewing documents, preparing for and providing deposition testimony,

2    interviewing witnesses, gathering evidence, formulating discovery requests and

3    responding to discovery; (2) **Plaintiffs'** efforts resulted in a favorable result for the

4    class; and (3) **Defendants** do not oppose the request.  The **Class Representative**

5    **Enhancement** will be paid to **Plaintiffs** in accordance with the terms of the

6    **Stipulation**.

7          **13.**      The **Court** grants **Plaintiffs' Attorneys'** request for an award of

8    **Plaintiffs' Attorneys' Fees** in the amount of **$625,000.00** and **Plaintiffs' Expenses**

9    in the amount of **$161,383.37**.  **Plaintiffs' Attorneys'** request for an award of

10   reasonable attorneys' fees and costs is justified in light of the following facts:  (1)

11   **Plaintiffs' Attorneys** vigorously prosecuted this case and achieved a favorable

12   result for the class; (2) the legal issues were novel and complex; and (3) **Defendants**

13   do not oppose the request.  The attorneys' fees and costs shall be paid by

14   **Defendants** in accordance with the terms of the **Stipulation**.

15         **14.**      The **Court** approves payment of the **Settlement Administration Costs**

16   in the amount of $67,965.25.  Of this amount, **Plaintiffs' Attorneys** have already

17   paid the **Claims Administrator** $36,265.25.  Therefore, $36,265.25 shall be

18   reimbursed to **Plaintiffs' Attorneys**.  The remaining $31,700.00 shall be paid to the

19   **Claims Administrator**.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

IR01DOCS/442123

[PROPOSED] FINAL JUDGMENT

15.   Without affecting the finality of the **Final Judgment**, the **Court** shall retain continuing jurisdiction over the **Action**, and the **Parties** and **Settlement Class**, and the administration and enforcement of the **Settlement**.  Any disputes or controversies arising with respect to the enforcement or implementation of the **Settlement** shall be presented by motion to the **Court**; provided however, that nothing in this paragraph shall restrict the ability of the **Parties** to exercise their rights hereunder.

IT IS SO ORDERED.

Dated:  November 01, 2010

Hon. Virginia A. Phillips
United States District Court Judge

Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, California 92612

[PROPOSED] FINAL JUDGMENT